J. W. HENSLEY v. McDOWELL FURNITURE COMPANY.

(Filed 3 December, 1913.)

1. **Pleadings — Orders—Definiteness—Court's Discretion—Interpretation of Statutes.**

   While the trial judge is authorized in the exercise of his discretion to order that a pleading be made more definite under the provisions of the Revisal, sec. 496, he may not direct the manner in which this may be done.

2. **Same — Indemnity Companies — Copies of Policies — Findings— Direction for Pleadings.**

   In an action to recover damages for an injury alleged to have been negligently inflicted on the defendant's employee, an indemnity company was made a codefendant and moved that the complaint be made more definite, under the provisions of the Revisal, sec. 496, and to an affidavit of its president attached a copy of a policy it alleged to have been in force at the time, and under which no recovery could be had (*Jarrett v. Trunk Co.,* 142 N. C., 466). The trial judge stated in his order that no denial was made of the truth of the affidavit, and found as a fact the copy set out was a true copy of the policy in force at

the time of the injury. *Held,* an order of the judge that a copy of the policy as thus ascertained be attached to the complaint as a part thereof, exceeded his authority and was reversible error on appeal therefrom, as plaintiff had the right to show what was the contract. The extent of the discretion vested in the trial judge and the manner of its exercise discussed by WALKER, J.

APPEAL by plaintiff from *Justice, J.,* at September Term, 1913, of McDOWELL.

Plaintiff sued for damages resulting from personal injury to himself, alleged to have been caused by the negligence of the furniture company, one of the defendants. Afterwards the Maryland Casualty Company was made a defendant. The following order appears in the case: "The defendant (casualty company) then offers the affidavit of L. J. P. Cutlar, which is filed in the record together with the policies, and the same not being denied by affidavit, and the court having found same to be true, it moves for a bill of particulars making the pleading as to the contract certain, and that the pleading be made more definite and certain, which motion is granted and order made that plaintiff be required to append such contract or copy thereof to the allegation in his complaint relating to said company, and that all proceedings in this cause be stayed until the complaint is so amended." The affidavit mentioned simply alleged that two policies, copies of which are attached, were the only indemnity or insurance contracts the company issued during the period stated in them, and one of them was in force at the time of the injury. As stated above, the court, upon this simple allegation, required the plaintiff to make his complaint more definite and certain under Revisal, sec. 496, and also that he annex thereto a copy of the contract set out in affidavit and exhibit. Plaintiff excepted and appealed.

*W. F. Morgan, Johnston & McNairy, and C. R. McBrayer for plaintiff.*

*Pless & Winborne for defendant.*

WALKER, J., after stating the facts: If the facts are truthfully stated in the affidavit of L. J. P. Cutlar, it is apparent

that the Maryland Casualty Company has made no such contract with its codefendant, McDowell Furniture Company, as is alleged in the complaint, for the reason that the policy, which is set out in full and annexed to the affidavit, will bear no such construction as the plaintiff has put upon it, but a very different one in fact and in law; and it may be further said that if the contract subsisting between the defendants at the time of the injury is correctly set forth in the copy annexed to the affidavit, then the casualty company has been improperly joined as a defendant, and if, at the trial, the facts should so appear, the court should enter judgment in its favor and against the plaintiff for its costs, and continue the case against the other defendant, or take such other measure for its protection, if it shall appear to have been prejudiced by the joinder in making its defense before the jury then impaneled to try the cause. We must leave these matters largely to the exercise of the presiding judge's discretion, who can better understand the exigencies of the particular case, under the circumstances, than we can. He should, and no doubt in all cases will, use this discretion with judgment, not timidly, but with firmness and courage, and yet judiciously, for the purpose intended; so that each of the parties may have a fair and impartial trial under the law and facts, without any extraneous influences or considerations which may tend to defeat the true and even administration of justice, which is the ultimate and principal object of all well ordered judicial systems.

Judicial discretion, said Coke, is never exercised to give effect to the mere will of the judge, but to the will of the law. The judge's proper function, when using it, is to discern according to law what is just in the premises. *"Discernere per legem quid sit justum."* *Osborn v. Bank,* 9 Wheat., 738. When applied to a court of justice, said *Lord Mansfield,* discretion means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular. 4 Burrows, 2539. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound

and enlightened judgment, in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited. We do not interfere unless the discretion is abused. *Jarrett v. Trunk Co.,* 142 N. C., 466.

These observations seem to be necessary in view of what we said (by *Justice Hoke*) in *Clark v. Bonsal,* 157 N. C., 270, a suit brought upon a like policy: "In construing contracts of this character, the courts have generally held that if the indemnity is clearly one against loss or damage, no action will lie in favor of the insured till some damage has been sustained, either by payment of the whole sum or some part of an employee's claim; but if the stipulation is, in effect, one indemnifying against liability, a right of action accrues when the injury occurs, or, in some instances, when the amount and rightfulness of the claim have been established by judgment of some court having jurisdiction—this according to the terms of the policy; but unless the contract expressly provides that it is taken out for the benefit of the injured employees and the payment of recoveries by them, none of the cases hold that an injured employee may, in the first instance, proceed directly against the insurance company. In all of them, so far as examined, a right of action arising on the policy is treated and dealt with as an asset of the insured employer, and, in the absence of an assignment from him, the employee cannot appropriate it to his claim, except by attachment or bill in the nature of an equitable *fi. fa.* or some action in the nature of final process, incident to bankruptcy or insolvency. Certainly this position is supported by the great weight of authority," citing many authorities to support the proposition thus stated by him.

A declaration of defendant's president, that the company was insured and would have to pay the loss, was held incompetent and excluded by this Court in the following language of *Justice Brown,* in *Lytton v. Manufacturing Co.,* 157 N. C., 331: "In addition to the incompetency of Little's declarations as mere hearsay, the subject-matter of the declaration is universally

held to be incompetent and disconnected with the inquiry before the court. Evidence that the defendant in an action for damages arising from an injury is insured in a casualty company is entirely foreign to the issues raised by the pleadings and is incompetent. By some courts it is held to be so dangerous as to justify another trial, even when the trial judge strikes it from the record," citing many cases.

There may, of course, be cases where it can readily be seen that no prejudice has arisen, and, perhaps, others where it will plainly appear to be otherwise. It is the highest prerogative of the judge, in any court, and his bounden duty as well, to see that rights of parties before the law are not prejudiced or impaired by irrelevant or foreign matters of any kind, and for this purpose he is endowed with plenary authority. If it be the judge sitting at *nisi prius,* who is exercising this power of the law to do justice, we will not review or revise his orders, but sustain them, as in no case do we review the exercise of discretion unless there appears clearly to have been some abuse of it which is prejudicial to one of the parties, which, if it ever arises, must be of very rare occurrence. But, in this case, the learned judge, intending doubtless to enforce what appeared to him to be the legal rights of the defendant, went too far, and required the plaintiff to do something not within his power to require, and thereby transcended the limit of his jurisdiction. He properly ordered him to amend the complaint by making it more definite and certain. Pell's Revisal, sec. 406 and notes; Clark's Code (3 Ed.), sec. 261; *Wood v. Kincaid,* 144 N. C., 393; *Smith v. Summerfield,* 108 N. C., 284; *Conley v. R. R.,* 109 N. C., 696; *Allen v. R. R.,* 120 N. C., 548; *Best v. Clyde,* 86 N. C., 4. These cases also hold that the motion to make a pleading more definite and certain must be made in apt time, and if made after answering or demurring, it comes too late, and then falls within the discretion of the judge, who may allow it or not, as he may deem best. His refusal to allow it will not be reviewed (*Best v. Clyde, supra*), unless it is based upon his supposed want of power. *Henderson v. Graham,* 84 N. C., 496. This rule is analogous to the one which prevails in the courts

of equity, that for mere impertinence a reference is not granted after defendant has answered or submitted to answer by obtaining an order for time, though a reference was allowed for scandal, and, under the later Code System, motions to make a pleading more definite and certain are denied if defendant has answered or obtained an extension of time to plead, or has done any act legally admitting that a sufficient issue is raised.

But here, the judge has required plaintiff not only to make his pleading more definite and certain, which was within his power, but has required him to annex a copy of the contract as stated in the affidavit offered by defendant. He can direct the plaintiff generally how he shall plead, but he cannot plead for him, nor take from him the right to plead and show by proof what the contract really is. He is not bound to accept the defendant's version of it. The judge, though, as we have said, may act afterwards, when it does appear, certainly, what the contract is, and prevent any prejudice to the defendant by reason of the improper joinder, as a defendant, of the casualty company. He cannot, of course, deny to the plaintiff the right to have any disputed fact passed upon by the jury. It is only when the nature of the contract is either admitted or appears beyond question that his discretion, in the interest of a fair trial, may be exercised. But whenever this is disclosed, the judge may, at any stage of the trial, exercise the discretion lodged in him, as justice may require.

The order is, therefore, modified by sustaining it so far as plaintiff is required to make his complaint more definite and certain, and vacating the other requirements. Each party will pay one-half of the costs in this Court.

Modified.