J. A. LOWE, Receiver, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.

(Filed 15 December, 1915.)

**1. Insurance—Indemnity—Repudiation of Liability—Notice of Suit.**

Where the indemnified notifies the indemnity company of an action about to be commenced to recover damages for a wrongful death covered by the policy, and the company denies liability for the death on the ground that the employee was under the lawful age required by our statute, and therefore not within the meaning of the policy, the denial of such liability renders it unnecessary for the indemnified to comply with the terms of the policy in giving notice of the commencement of the action, so as to afford the company an opportunity to defend, and recovery may not successfully be resisted on that account.

**2. Insurance—Indemnity—Loss.**

It is necessary for the plaintiff to show that he has sustained the loss he seeks to recover in his action against an indemnifier against loss, and not alone that a judgment has been obtained against him for an injury to an employee covered by the bond.

**3. Insurance — Indemnity — Breach — Defense of Suit — Costs — Attorney's Fees—Contracts.**

Where the insurer has refused to defend an action contrary to its agreement contained in its bond indemnifying the insured against loss for the negligent injury to or death of an employee, etc., the assured, in its action on the bond, may recover the costs, including attorney's fees, he has incurred in thus being forced to defend the action.

Clark, C. J., dissenting.

Appeal by both parties from *Harding, J.,* at Spring Term, 1915, of Avery.

Civil action tried upon an agreed state of facts. From the judgment rendered, plaintiff and defendant both appealed.

*L. D. Lowe, W. C. Newland, S. J. Ervin for plaintiff.*
*Harrison Baird, Lee F. Miller for defendant.*

PLAINTIFF'S APPEAL.

Brown, J. This action is brought on an indemnity bond to recover the amount of a judgment rendered against the Bobbin Company in favor of Mary Marcus, administratrix of Harlan Marcus, for the negligent killing of her intestate, for the sum of $6,650, the limitation in the bond sued on being $5,000.

The defense is:

1. That the insured failed to forward to defendant the summons and process served on insured when the action was commenced.

2. That the contract sued on is one of indemnity against loss and not against liability, and that plaintiff has not paid the judgment.

In regard to the first defense the facts are: that upon the death of the said Harlan Marcus the Linville Bobbin Company notified the defendant of the death of the said Harlan Marcus and demanded that said company comply with the terms of its contract evidenced by said policy, notifying the defendant that a suit was about to be instituted for the recovery of damages, and the said defendant disclaimed any liability under the terms of said policy, declaring as its reason for declining to recognize any liability imposed upon it under the terms of said policy that, under the statute of North Carolina, they were not liable under the terms of said policy on account of the death of said Harlan Marcus, on the ground that, as it contended, the said Harlan Marcus was under the age of fourteen years; that thereafter, when the said action was begun against the Linville Bobbin Company for the recovery of damages on account of his alleged negligent killing, the Bobbin Company gave no notice to the defendant of the institution of said action, said failure to give said notice being due to the fact that the said defendant had theretofore refused and declined to recognize any liability under the terms of said policy; that the said suit was defended by the counsel employed by J. R. Lowe, receiver of the Bobbin Company, to conduct said defense, without the aid or assistance of the defendant.

It is contended by defendant that this was not intended as a denial of all liability to the insured upon the contract, but only a denial of the liability of the insured for the death of the employee. The language of the finding does not support the contention. In our opinion the defendant denied its liability on the contract to the insured. Consequently, the insured was relieved from the duty of forwarding the process served on it.

An insurance company cannot deny all liability under a contract of insurance and then be heard to say, after it has repudiated the contract, that assured should have given it notice when the action was instituted, so that it could have defended the action in accordance with the terms of the contract. Having denied any liability under the policy, it was neither necessary nor proper to notify defendant again. *Guerringer v. Ins. Co.,* 133 N. C., 407; *Lanier v. Ins. Co.,* 142 N. C., 14, page 18; *Higson v. Ins. Co.,* 152 N. C., 206; *Jordan v. Ins. Co.,* 151 N. C., 341.

Upon the second ground of defense, we are of opinion that plaintiff is not entitled to recover the five thousand dollars. The contract does not indemnify the assured against liability, but only against actual loss. It is admitted that the judgment has not been paid. That being so, the plaintiff has suffered no loss and cannot recover.

It is held by this and other courts that "when a contract of indemnity is clearly against loss, no action will lie in favor of the insured until some damage has been sustained, either by the payment of the whole or some part of the employee's claim." *Clark v. Bonsal,* 157 N. C., 270;

LOWE *v.* FIDELITY AND CASUALTY CO.

*Hensley v. Furniture Co.,* 164 N. C., 151; *Finley v. Casualty Co.,* 113 Tenn., 598; *Casualty Co. v. Martin,* 163 Ky., 12.

Affirmed.

### DEFENDANT'S APPEAL.

The defendant appeals because the judge rendered judgment in favor of the plaintiff, receiver, for costs, expenses and attorney's fees incurred by plaintiff in defending the Marcus suit. The plaintiff's costs, expenses and attorney's fees incurred by him in defending the suit amount to $352.95, of which he has paid $140.

The contract makes it the duty of defendant, at its expense, "to defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries or death suffered, or alleged to have been suffered, through the assured's negligence, by the persons described in subsections *a* and *b* of the preceding paragraph, at the places and under the circumstances therein described, and as the result of an accident occurring while this policy is in force."

The failure of the defendant to defend the suit, after repudiating its liability to the assured, constituted a distinct breach of contract and justified the plaintiff in defending it at his own expense. *Beef Co. v. Casualty Co.,* 201 U. S., 173.

These costs and expenses constitute a primary liability of defendant that plaintiff may recover as damages for the breach of the contract. *Power Co. v. Casualty Co.,* 153 N. C., 279.

Affirmed.

CLARK, C. J., dissenting: The defendant company executed an indemnity to the Linville Bobbin Company for any "loss" that it might incur by reason of injury or death of any of its employees. To pay for this indemnity policy, said Bobbin Company took out of the fund which would have been liable to the payment of injuries sustained by its employees a sum which in course of time would more than equal such losses, else indemnity companies could not prosper.

Upon the death of the employee, who, in this instance, was killed in the course of employment, the Casualty Company became liable for the amount thereof. It cannot matter that such amount was not ascertained before this action was brought. Indeed, it is brought to ascertain that amount. If the Bobbin Company had collected that amount from the defendant the fund in its hands ought to be applied to such loss. It can make no difference that the Bobbin Company has become insolvent. This can not excuse the defendant, or release its liability in any way, nor deprive the personal representative of the deceased of a right to receive said sum.

The contract to indemnify against "loss" should not receive this restricted construction. If it does, then the Indemnity Company has received money for which it is to pay nothing in return, though the employee has been wrongfully killed. The word "loss" in the due and proper construction of the contract means "liability accruing by reason of the death or injury of any employee"—the liability not to exceed the sum specified.

It is a principle of law well recognized that when the principal debtor obtains security the creditor is subrogated to the right to subject such security to the payment of the liability. Here the personal representative of the deceased is entitled to be subrogated to the indemnity which was purchased by the Bobbin Company for payment of the losses, i. e., the liability occurring by reason of the wrongful death or injury of any employee. This is independent of any right to apply the principle laid down in *Gorrell v. Water Co.*, 124 N. C., 328, that when a contract is made between two parties the beneficiary is entitled to maintain an action therefor. *Morton v. Water Co.*, 168 N. C., 582.

The action is properly by the receiver of the Bobbin Company, who would hold the fund, if recovered, in trust for the administrator of the deceased employee. If this be not so, then the defendant, as to the insolvent employer, is like Mark Antony, "Though it had no hand in his death, will profit by his dying."