WESTERN INDEMNITY CO. v. WALKER-SMITH CO. (No. 7556.)

(Court of Civil Appeals of Texas.   Galveston.   March 20, 1918.   Appellant's Motion for Rehearing Denied April 4, 1918.   Appellee's Motion for Rehearing Denied April 11, 1918.)

1. INSURANCE ⟜513—INDEMNITY INSURANCE —ACTIONS AGAINST INSURER.

Where indemnity company refused to defend a suit as specifically agreed in a separate paragraph of the policy, and insured had to employ attorneys and others to defend, insured could recover obligations so incurred, although not yet paid, regardless of a no-action clause in the policy, providing that no action should lie against the insurer except to recover money actually expended, etc., because assured could not have supposed that the insurer would breach its contract at the outset.

2. INSURANCE ⟜513 — INDEMNITY POLICIES —BREACH BY INSURER—DAMAGES.

Where insured in indemnity policy had to defend a suit because of failure of the insurer to do so it could not recover railroad fare and hotel bills expended by an investigator, where competent investigators could have been employed at the place where the investigation took place.

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Suit by the Walker-Smith Company against the Western Indemnity Company.   Judgment for plaintiff, and defendant appeals.   Reformed and affirmed.

Andrews, Streetman, Burns & Logue, of Houston, for appellant.   C. G. Dibrell and McDonald & Wayman, all of Galveston, for appellee.

LANE, J.   This suit was instituted by appellee, Walker-Smith Company, a corporation, against appellant, also a corporation, which is hereinafter for convenience called the Indemnity Company, to recover the sum of $453.85 alleged to be due it under the terms of a policy of indemnity or insurance issued and delivered by said Indemnity Company to appellee.

In its petition appellee, among other things, alleges that on the 29th day of December, 1915, it was the owner of one certain automobile truck, and that on said date the Indemnity Company issued and delivered to it a certain policy of insurance, whereby the Indemnity Company insured appellee against loss and liability which might occur to appellee by reason of its ownership, maintenance, or use of said automobile truck, which said policy, among other things, provided as follows:

"1. To indemnify the assured named and described in item No. 1 of the Schedule of Statements forming part hereof, against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered while this policy is in force by any person or persons by reason of the ownership, maintenance or use of any of the automobiles enumerated and described in item No. 5, and while being used for the purpose set forth in item No. 6 of the said Schedule of Statements within the limits of the United States of America or Canada.

"2. To defend in the name and on behalf of the assured any suits, even if groundless, brought against the assured to recover damages on account of such happenings, as are provided for by the terms of the preceding paragraph.

"3. To pay, irrespective of the limits of liability expressed in condition N' hereof, all costs taxed the assured in any legal proceeding defended by the company, all interest accruing after entry of judgment upon such part thereof as shall not be in excess of said liability and the expense incurred by the assured for such immediate medical or surgical relief as is imperative at the time of the accident, together with all the expense incurred by the company growing out of the investigation of such an accident, the adjustment of any claim or the defense of any suit resulting therefrom."

It further alleges that while said policy was in full force and effect, to wit, July 2, 1916, and while being driven by one of plaintiff's employés in the city of Houston, Harris county, Tex., said truck ran into and struck one O. W. Schroeder and one C. E. Henry; that as a result of said accident the said O. W. Schroeder and C. E. Henry, both and each, suffered personal injuries; that on the 14th day of August, 1916, O. W. Schroeder filed his suit in the district court of Harris county, Tex., Fifty-Fifth judicial district, numbered on the docket of said court 70637, alleging various injuries as the result of said accident, and claiming damages against plaintiff in the sum of $10,000; that on the 15th day of August, 1916, C. E. Henry filed suit against plaintiff in the Fifty-Fifth judicial district court of Texas, Harris county, numbered on the docket of said court 70646, claiming that he suffered, as a result of said accident, permanent personal injuries and claimed damages against plaintiff in the sum of $10,000; that within a few days thereafter citations in said suits were served on plaintiff and its agents, and it forthwith transmitted them to defendant, Western Indemnity Company, who was requested by plaintiff to defend said suits, as it was bound to do under the terms of its policy; that defendant disregarded its obligation undertaken in said policy, and repeatedly failed and refused to defend said suits; that by reason and on account of said refusal it became necessary for plaintiff to employ attorneys and other agents to fully investigate said accident, prepare its answers in said suits, and defend the same; that it employed the legal firm of McDonald & Wayman, attorneys at Galveston, Tex., to represent it in the defense of said suits, and has promised and become liable to pay to said attorneys reasonable compensation for the services rendered therein, which it alleges is the sum of $400; that in addition to said liability it has had to pay the sum of $14 for taking the oral deposition of one of the plaintiffs in said suits, and has paid and obligated itself to pay to other agents in investigating the facts of said case, taking

the statements of witnesses and investigating the facts surrounding said accident, the sum of $53.85.

Plaintiff further avers that after it had incurred said liabilities, defendant, Western Indemnity Company, on or about September 2, 1916, agreed to assume liability in said cases and after that date to undertake the defense or settlement of such cases.

Plaintiff further avers that defendant, though often requested, has failed and refused to pay to plaintiff the obligations incurred by it in the defense of said suits, as it was bound to do, and it therefore prays that upon final hearing hereof it have judgment in the sum of $500, with interest thereon, costs of suit, and general relief.

The Indemnity Company filed its general demurrer to the allegations of appellee's petition, and avers that the same alleges no cause of action against said company, and for further answer it says:

"For further answer, if required, defendant denies all and singular the allegations in plaintiff's said petition contained, and says that the same are not true in whole or in part, and, demanding strict proof of every material allegation in said petition contained, puts itself upon the country."

The record shows no disposition of appellant's demurrer, nor is there any reference thereto in appellant's brief. We shall therefore assume that it was abandoned, and make no further mention of the same in this opinion.

The cause was tried before the court without a jury, and judgment was rendered for appellee, Walker-Smith Company, against the Indemnity Company for $318.35. From this judgment the Indemnity Company has appealed.

The trial court filed its findings of fact, and therein finds that the policy of insurance was issued and was in force and effect on the 2d day of July, 1916, which was the time of the collision that caused the injury to Schroeder and Henry, as alleged by appellee; that thereafter both of said injured parties sued appellee in the district court of Harris county as alleged by appellee; that when citations in said suits were served on plaintiff herein, it transmitted same to defendant Indemnity Company, and requested it to defend said suits, as plaintiff claimed it was obliged to do under said policy; that defendant refused to defend said suits, claiming that the policy did not cover the existing situation, as the truck was not being used for delivery purposes at the time of the collision; that it thereupon became necessary for plaintiff to provide for its own defense in said suits filed by Schroeder and Henry, and to that end it employed McDonald & Wayman, a firm of attorneys at law residing in Galveston, Tex., to take charge of and conduct such defense. It also sent one E. B. Henley from Brownwood, Brown county, Tex., to Houston, Harris county, Tex., to investigate said collision, take statements of witnesses, and make report thereon to said attorneys to enable them to defend said suits; that Henley, after completing and reporting his investigation, sent plaintiff a bill for $53.85. None of the witnesses who testified on the trial knew whether plaintiff had paid said bill, but plaintiff's Houston manager testified that, if same had not been, it would be paid by plaintiff. There was no testimony showing whether the expenses detailed in Henley's bill had actually been incurred, or the money spent therefor, or that such expenditures, if any, were reasonable and proper, except Mr. Wayman's uncontradicted statement that he met Henley in Houston while working on the cases, and knew that Henley was in Houston for at least two days to investigate the collision. He stated: That Henley had a room with bath at the best hotel in Houston when he met him there. That the principal or home office of Walker-Smith Company, plaintiff, is at Brownwood, Brown county, Tex., where E. B. Henley resides. That competent investigators, resident in Houston, could have been employed there for at least $10 or $15 a day, if an effort had been made to employ them, and thus hotel bills and railroad and Pullman fares could have been eliminated. This, however, was not done, and Henley was engaged in good faith to do the work. That McDonald & Wayman prepared and filed answers in the suits above mentioned; made some investigation into the facts through Mr. Wayman, who went to Houston for that purpose; investigated questions of law involved or likely to arise in the cases; took the oral deposition of the plaintiff in one of said suits at an actual and reasonable expense of $14.40, which was paid by plaintiff herein; conferred with counsel representing plaintiffs in said suits relative to settlement, and generally conducted the defense of said suits up to September 2, 1916, when defendant herein agreed to defend said suits, both of which it shortly thereafter settled for $300. That the undisputed evidence shows that a reasonable fee for the services rendered by McDonald & Wayman in the preparation and conduct of the defense of said cases up to September 2, 1916, no definite fee having been fixed between them and plaintiff, is the sum of $125 in each of said cases, or a total of $250. Plaintiff, while obligated to pay said sum of said attorneys, has not yet done so.

By the first assignment it is insisted that the trial court erred in rendering judgment against appellant for any part of the attorney's fee promised by appellee to McDonald & Wayman, because: First, the contract under which the suit was brought being one for indemnity against loss only, no recovery thereunder can be had until a loss is actually sustained, and that as the undisputed evidence shows that appellee had not actually paid such attorney's fees, or any part thereof, at the time of the filing of the suit, or at the

time of the trial of this cause, it was error for the court to render judgment against appellant for any part of such fees; second, "if the contract sued on be not one of indemnity, then the plaintiff's cause of action must be for breach of a contract to defend, and for such breach the plaintiff can recover only such loss as it actually sustained by reason of such breach, and, not having paid the attorneys' fees, it has not sustained the damage complained of, and hence the court erred in allowing recovery for such fees."

The contention of appellant in support of its assignment is based upon the no-action clause of the policy, which is as follows:

"No action shall lie against the company to recover under any of the agreements herein contained, unless brought by the assured personally to recover money actually expended by him in satisfaction of claim or liability by due process of law, resulting from injuries actually caused by reason of the ownership, maintenance and use of said automobiles. * * *"

It ignores section 2 of the policy hereinbefore set out, by which said Indemnity Company directly and unqualifiedly contracted and agreed "to defend in the name, and on behalf of the assured any suits, even if groundless, brought against the assured to recover damages on account of such happenings as are provided for by the terms of the preceding paragraph," the preceding paragraph being section 1 by which the Indemnity Company agreed to indemnify appellee against loss by reason of liability on account of bodily injuries, including death resulting therefrom, accidentally suffered, or alleged to have been suffered, while such policy was in force by any person by reason of the ownership and use of appellee's automobile truck. That the suits of Schroeder and Henry against Walker-Smith Company were such suits as appellant, by its contract or policy, had agreed to defend. That it refused to defend said suits after being notified or requested to do so by appellee, and that by reason of such refusal it became necessary for appellee for its own protection to employ attorneys to file answers in said suits and make such investigations and preparation as was necessary and proper for the trial, is unquestioned. It is also unquestioned that appellee did employ McDonald & Wayman to defend said suits and that it did obligate itself to pay said attorneys a reasonable fee for these services.

[1] As already shown, appellant had, by the second clause of the contract or policy, unqualifiedly obligated and bound itself to defend the suits brought by Schroeder and Henry against appellee, and that appellant had failed and refused to defend said suits, as it had obligated itself to do. This being true, it was incumbent upon appellee, Walker-Smith Company, to incur the attorney's fees for which it sued and recovered in this cause. Since appellee's suit against appellant was not one to recover money actually expended by it in satisfaction of a claim

which resulted from injuries caused by reason of the ownership and use of said automobile truck, but was a suit only to recover from appellant the amount of attorney's fees which it had necessarily incurred, because appellant had breached its contract, and for which appellee was liable, appellee was clearly entitled to recover, and it was not necessary that the fees sued for should be actually paid to enable it to recover; but when it established that it was obligated to pay said fees, and that the same was reasonable, the liability of appellant to repay the expenses necessarily incurred by appellee, because of the breach of the contract by appellant had arisen, and appellee's cause of action had accrued. Lowe v. Fidelity & Casualty Co., 170 N. C. 445, 87 S. E. 250; South Knoxville Brick Co. v. Surety Co., 126 Tenn. 402, 150 S. W. 92, Ann. Cas. 1913E, 107; Royal Indemnity Co. v. Schwartz, 172 S. W. 581.

The so-called no-action clause of the policy relied upon by appellant as a defense to appellee's cause of action has no application to the issues involved in this cause. The contention of appellant reduced to its final analysis is that it was the intention of the contracting parties, at the time of making the contract, to contract that in the event appellant should breach its obligation to defend the suits, such as those filed by Schroeder and Henry, and in the event appellee was compelled to employ attorneys to make such defense, it should compel the attorneys so employed to sue it, to recover judgment for their fees in a court of last resort, and that after said judgment had become final and appellee had paid said judgment, and only then, and not until then, would appellant be liable for attorney's fees incurred by appellee by reason of appellant's refusal and failure to defend said suits. In other words, appellee must prosecute, or cause to be prosecuted, a suit against itself to final judgment in a court of last resort, and then pay such judgment before it could sue appellant for damages it had suffered by reason of appellant's breach of its agreement to defend against the suits of Schroeder and Henry. Such contention is wholly untenable, and cannot be sustained. In the case of South Knoxville Brick Co. v. Surety Co., above cited, where practically the same issues as involved in the present case were being discussed, the Supreme Court of Tennessee said:

"Assured could not have supposed that the company would breach its contract in the outset, and occasion loss by refusing to assume responsibility for a suit based upon a claim covered by the policy. The company could not have intended, as a consequence of its own default, to make this default the occasion for the imposition of a new condition upon assured. The parties were not contracting with reference to an initial breach by either, and this condition evidently refers to losses under suits defended, as provided in the policy, by the company, and not to losses under suits for which the company repudiated its liability. This is the construction placed upon an identical condition in a similar policy by the Supreme Court of the United

States, and its reasoning is so apt and conclusive we adopt it here as a satisfactory disposition of the contention here made."

In a similar case, Royal Indemnity Co. v. Schwartz, 172 S. W. 581, the court said:

"The company having refused to defend, as it had obligated itself to do, it was incumbent upon Schwartz to conduct his own defense. Since the question of Schwartz's liability for the death of the child is not now in question, because he is not suing for the amount paid as damages, but only for attorney's fees for which he is liable, he is clearly entitled to recover, and it was not necessary that the fee be paid to enable him to recover, but when he establishd that he was obligated to pay, and that the fee is reasonable, the liability contemplated by the policy had arisen, and his cause of action accrued."

The first assignment is overruled.

[2] By the second assignment appellant insists that the trial court erred in rendering judgment against appellant for the expense account of E. B. Henley of $53.35 for making an investigation of the facts relative to the alleged injuries of Schroeder and Henry, for the reason that there was no proof that the sums shown on said bill, or any of them, were expended by Henley, or that the same, if expended, were reasonable and proper charges, or that Walker-Smith Company had paid or intended to pay said bill. No statement of facts accompanies the record. We must therefore look to the fact findings of the court to enable us to pass on the complaints presented by the assignments. The trial court found the following facts: That Walker-Smith Company sent one E. B. Henley from Brownwood, Brown county, Tex., to Houston, Tex., to investigate the accident which resulted in the injuries of Schroeder and Henry; to take statements of witnesses and make report thereon to its attorneys, McDonald & Wayman, to enable them to present its defense to the suits of the alleged injured parties; that, after completing and reporting his investigation, Henley sent Walker-Smith Company an itemized bill for $53.85, as follows:

| | |
|---|---|
| Railroad fare Brownwood to Houston and return | $17.50 |
| Sleeper | 5.00 |
| Transfer | 1.00 |
| Hotel | 15.00 |
| Auto hire, stenographers, and other expenses looking up witnesses and depositions | 16.35 |
| | $53.85 |

The court further found that Walker-Smith Company obligated and bound itself to pay said bill. The court further found that the uncontradicted evidence showed that Henley was in Houston for at least two days to make said investigation, and that while there he had a room, with bath, at the best hotel in Houston. The court further found as follows:

"Competent investigators, resident in Houston, could have been employed there for at least $10 or $15 a day, if an effort had been made to employ them, and thus hotel bills and railroad and Pullman fares could have been eliminated. This, however was not done, and Henley was engaged in good faith to do the work."

From these findings we conclude that there was evidence sufficient to show that Henley, after being employed to make such investigation, did so and was engaged in doing so for at least two days, and that a reasonable charge for such service was $30, even had he not incurred the railroad fare of $17.50, the Pullman fare of $5, and the additional expense of $1.35, which the court finds was not shown by the evidence to have been necessarily and reasonably incurred in making said investigation.

Having reached this conclusion, we further conclude that, as the judgment rendered against appellant included the sum of $23.35, which was not shown to have been necessarily and reasonably incurred in making said investigation, we reform said judgment of $318.25 rendered by the court in favor of appellee against appellant by deducting therefrom said sum of $23.35, leaving a balance of $294.90 and as thus reformed, said judgment is affirmed.

Reformed and affirmed.