STATE OF NORTH CAROLINA, ON RELATION OF DAN C. BONEY, INSURANCE COMMISSIONER, v. CENTRAL MUTUAL INSURANCE COMPANY OF CHICAGO.

(Filed 4 May, 1938.)

1. **Insurance § 47—Whether policy is a liability or an indemnity contract depends upon intent of parties as expressed in the instrument.**

    Whether a policy insures against liability to third persons, entitling insured to recover upon the establishment of liability by judgment from risks covered by the policy, or is an indemnity contract entitling insured

to recover only sums actually paid in discharge of such liability, is to be determined by the intent of the parties as expressed in the language of the contract.

2. **Same—Policy in suit held to insure against liability and insured was entitled to recover upon rendition of judgment in favor of third person.**

The policy in suit insured "against loss from liability" imposed by law upon insured resulting from the operation of the motor vehicles insured, and provided that insurer should have complete control over and should conduct the defense of any action against insured growing out of the risks covered, and that insured should not voluntarily incur any liability or settle any claim covered by the policy except with the written consent of insurer. *Held:* The provision giving insurer exclusive control over and right to conduct the defense of actions against insured is inconsistent with a contract of indemnity against loss actually sustained, and construing the contract as a whole, it entitles insured to recover upon the establishment of liability by judgment on a cause of action arising from a risk covered by the policy, without a showing of payment of any part of the judgment by insured. *Lowe v. Fidelity & Casualty Co.*, 170 N. C., 445, cited and distinguished upon the language of the policy.

3. **Insurance § 51—**

Where judgment against insured is rendered on a risk covered by a liability contract, claim against the receiver of the insolvent insurer should be allowed on its admitted policy upon proof of the judgment, and where insured has also become insolvent the disposition of payments on the claim by insured's receiver is for the determination of the court.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by Burlington Trucking Company, claimant, from order disallowing its claim against the receiver of defendant Insurance Company, at September Term, 1937, of WAKE. *Cowper, Special Judge,* presiding. Reversed.

The action was instituted under C. S., 6445, by the Insurance Commissioner for the purpose of having a receiver appointed to administer the special fund deposited by the Central Mutual Insurance Company of Chicago (an Illinois corporation, now insolvent) with the State Treasurer for the payment of the obligations of said Insurance Company to citizens or residents of this State. Paul F. Smith was duly appointed and qualified receiver. Thereafter the Burlington Trucking Company, a North Carolina corporation, a policyholder, filed a claim with said receiver on account of a judgment rendered against said Trucking Company for liability covered by the liability insurance policy of defendant Insurance Company. This claim was disallowed by the receiver on the ground that the claimant had not paid the judgment upon which the claim was based. Upon appeal to the Superior Court, it was adjudged that claimant was entitled only to prove its claim for the actual amount paid upon said judgment, with provision permitting payment of the judgment by installments, the claim to be allowed for the amount of

payments actually made within the limits of the policy. Claimant appealed to the Supreme Court.

Thereafter, it appearing that the claimant, Burlington Trucking Company, had been placed in receivership, the receiver of the Trucking Company was, by order, empowered to prosecute the claim on its behalf.

*J. M. Broughton, Thos. C. Carter, and Wm. H. Yarborough, Jr., for appellant, Burlington Trucking Company.*

*A. L. Purrington, Jr., for receiver of Central Mutual Insurance Company of Chicago, appellee.*

DEVIN, J. The question presented for decision by this appeal arose upon the following facts:

The Central Mutual Insurance Company of Chicago (hereinafter called the Insurance Company) issued its policy of insurance to the Burlington Trucking Company insuring it "against loss from liability imposed by law upon assured for damages on account of bodily injuries, including death resulting therefrom, . . . caused by or through the ownership, maintenance or operation of any automobile described in the schedule." The policy required the assured to give within five days written notice of any accident, claim or suit resulting, to forward process to the company, and, when requested, to aid in securing evidence and attendance of witnesses. The policy contained the further provision that "the (Insurance) Company will investigate all accidents and claims covered hereunder, and defend in the name and on behalf of the assured all suits thereon, and will pay . . . the expenses incurred by it in such investigation and defense, but the company reserves the right to settle any such claim or suit. The assured shall not voluntarily assume any liability nor interfere in any negotiations or legal proceedings conducted by the company on account of any claim, nor except at his own cost, settle any claim, nor incur any other expense without the written consent of the company previously given."

During the life of this policy the automobile of the Trucking Company was involved in an accident resulting in the death of Sarah Colston Barry in the State of Virginia. In a suit for damages therefor prosecuted by R. P. Barry, Jr., administrator, in the District Court of the United States for the Western District of Virginia, judgment was rendered 5 December, 1936, against the Trucking Company for $4,000. This suit was defended from the beginning and throughout by the Insurance Company. Following the appointment of the receiver for the Insurance Company, claim under the policy was filed by the Trucking Company for $4,000, with certified copy of the judgment attached. The Trucking Company had paid $700 on the judgment. The receiver rejected the claim for the remainder of the judgment for the reason that the insured

had not paid it.   A similar ruling of the Superior Court, on appeal, was based upon the same ground.

Does the policy of insurance in suit constitute a contract of insurance against liability for damages, or only a contract of indemnity against actual loss in the sense of money paid?   As a condition precedent to the right to recover on the policy must the assured have paid the judgment?

It has been well said that a policy of liability insurance is either a contract of insurance against liability for loss or damage and is properly called a liability contract, or it is a contract of insurance against loss or damage and is thus called an indemnity contract.   Whether it is the one or the other depends upon the intention of the parties as evinced by the phraseology of the agreement in the policy.   "Where the policy provides that insured shall immediately notify the company in case of accident or injury, that the company would defend actions growing out of injuries, in the name of insured, and that insured should not settle any claim or incur any expense without the consent of the company, it is generally held to be a policy of indemnity against liability for damages, and is not merely a contract of indemnity against damages."   36 C. J., 1057-8; 14 R. C. L., 1321.

In *Slavens v. Ins. Co.*, 27 Fed. (2nd), 859, construing a policy like the one in the instant case, after citing with approval the statement of the law found in 36 C. J., 1057-8, quoted above, the Court said: "The case at bar comes within the definition quoted.   While it expresses the obligation of the company to indemnify the assured against loss from liability imposed by law upon him for damages on account of bodily injuries accidentally sustained, it also contains the condition that the assured shall notify the company of the accident, that he shall not voluntarily assume any liability or settle any claim or incur any expense on account thereof without the consent of the company, and that the company will defend in the name and on behalf of the assured any suit against him to recover damages on account of bodily injuries."   A number of cases from different jurisdictions are cited in support of the view expressed by the Court.

In *Malley v. American Indem. Corp.*, 297 Pa., 216, 81 A. L. R., 1322, it was said: "There are two types of indemnity insurance, sometimes called indemnity against liability or 'liability contracts' and indemnity against damage or 'indemnity contracts.'   In the first class, the liability of the insured determines enforceability, in the other the policy is only enforceable when the insured has sustained actual loss, as by paying a judgment against him coming within the scope of the policy.   The class into which particular policies fall depends on the intention of the parties as shown by their contract.   Where the policy, indemnifying insured against loss arising out of legal liability, provides that the insured shall immediately notify the company in case of injury, and the company will defend all suits growing out of injuries, in the name of insured, and

insured will not settle any claim without consent of the company, it is usually held to be a policy of indemnity against liability for damages or an indemnity against liability, and is not a mere contract of indemnity against damages."

In the leading case of *Clark v. Bonsal,* 157 N. C., 270, 72 S. E., 954, construing a liability insurance contract where the insurance was "against loss from liability imposed by law upon the assured for damages," *Hoke, J.,* states the law in these words: "In construing contracts of this character, the courts have generally held that if the indemnity is clearly one against loss or damage, no action will lie in favor of the insured till some damage has been sustained, either by payment of the whole sum or some part of an employee's claim; but if the stipulation is, in effect, one indemnifying against liability, a right of action accrues when the injury occurs or, in some instances, when the amount and rightfulness of the claim has been established by judgment of some court having jurisdiction."

In the elaboration of his opinion, *Justice Hoke* cites *Anoka Lumber Co. v. Casualty Co.,* 63 Minn., 286, and *Sanders v. Frankfort Ins. Co.,* 72 N. H., 485, and refers to those cases as follows: "In the Minnesota and New Hampshire cases, *supra*—and we incline to the opinion that the present policy comes within the principle—it was held that the terms, 'insured against loss from liability arising,' etc., in the first portion of the policy, was so modified by subsequent clauses that it amounted to insurance against liability, and the entire amount could be applied to the employer by appropriate process."

Examining the opinion in *Anoka Lumber Co. v. Casualty Co., supra,* we find that Court, in holding the insurance contract one of indemnity against liability, reasoned as follows: "If the plaintiff is forbidden to settle a claim for an accident of this kind, we fail to see how it is imperative upon him (the assured) to pay a judgment rendered against him upon such a claim as a condition to his right of recovery. The Insurance Company by the terms of its own policy has taken into its own hand the whole machinery for settling such claim, and will not allow the employer (insured) to do it." And in *Sanders v. Frankfort Ins. Co., supra,* it was held that, since the Insurance Company agreed, in the performance of its contract, to defend the suit and to settle with or pay the assured, it plainly provided for the performance of the contract of indemnity before the assured has suffered loss in the sense of actual payment of damages, and that "after taking control of the proceedings in a suit against the assured, the insurer could not thereafter be discharged except by payment of the indemnity to the assured, or securing his discharge from the claim."

In *Hoven v. Steel Co.,* 93 Wis., 201, the Court said: "Again by one of the conditions the Insurance Company assumes entire charge and responsibility of the settlement of the loss and of any legal proceedings

and for the payment of the costs thereof. There is no way provided by which it can be relieved of its liability except by actual payment to the employer (assured) of the full amount for which it could become liable. . . . The provisions in the policy are inconsistent with any reasonable theory other than that the contract of insurance is one of indemnity against liability, and that actual damage is not a condition precedent to the maintenance of an action thereon."

In *Brandon v. Indemnity Co.,* 132 Kan., 68, the contract was held one of insurance against liability rather than one of indemnity against loss, citing *Fritchie v. Extract Co.,* 197 Pa., 401, and *Slavens v. Ins. Co.,* 27 F. (2), 859. In the annotations under this case, reported in 83 A. L. R., 677, a large number of cases from different jurisdictions are collected in support of the statement that by the weight of authority a policy to insure the assured against "loss from liability" is one insuring against liability for damages, and that loss within the meaning of the insuring clause may be sustained without payment having been made and is sustained by the rendition of a judgment against the assured.

From *Indemnity Co. v. Davis,* 150 Va., 778, we quote: "The company was bound by the terms of the policy to indemnify the assured by paying any loss sustained by him 'by reason of the liability imposed by law' in case of injury to or the death of third persons, and to pay as well the court costs in any suit against the assured as also the interest upon any judgment in the suit. The policy also contains the usual stipulation that it will defend 'in the name of and on behalf of the assured all claims or suits for such damage for which the assured is, or is alleged to be, liable.' Under such a policy the cause of action of the assured is complete and the assured can recover upon the contract as soon as the liability of the assured has become fixed and established by a judgment against him, even though he has sustained no actual pecuniary loss or damage at the time he seeks to recover." 31 C. J., 438.

In *Kurre v. Indemnity Co.,* 223 Mo. App., 406, it was held that the words "to indemnify the assured against loss by reason of liability imposed by law" were properly construed as a contract of insurance against liability and not a mere reimbursement contract. In that case it was conceded that the insured had not satisfied the judgment theretofore rendered against it in the action for damages for personal injuries.

In *West v. McMillan,* 301 Pa., 344, it was said: "Where an indemnity contract contains provisions by which the absolute control and determination of loss may be taken from the indemnitee by the company's assuming entire charge of the defense, the company waives its right to insist on a literal enforcement of the indemnity contemplated by the contract, and an action may be sustained by an indemnitee when the loss has been determined by final judgment. The reason for the above conclusion is that the insurer has voluntarily adopted the insured's liability. Having safeguarded its own interests by ascertaining, through

legal channels, that a fair loss has been sustained by its conduct of the trial, it is estopped from denying its own liability, and cannot prevent the indemnitee from recovering, though the indemnitee's liability has not been discharged by payment."

To the same effect is the holding in *Miholevich v. Ins. Co.*, 261 Mich., 495, 86 A. L. R., 633, where the Court said: "Under such a policy, when judgment was rendered against the insured, the amount thereof became due and payable from the insurer to him, and it was the legal duty of the (insurance) company to pay it."

In *Oehme v. Johnson*, 181 Minn., 138, where the insurance was against "loss from liability imposed by law upon the assured for damages as the result of ownership and maintenance or use of such automobile," it was held: "The policy is a liability policy as distinguished from what is sometimes termed an indemnity policy. An obligation to pay follows though the insured has not himself paid the loss in money. The policy does not contain a 'no action' clause such as is found in some policies."

In *Murgic v. Casualty Underwriters*, 245 Ill. App., 361, it was held that, where the policy insured against loss from liability imposed by law for damages on account of injuries due to the operation of an automobile, it was not incumbent upon the insured to prove payment of the judgment before suit.   And in *Ravenswood Hospital v. Casualty Co.*, 280 Ill., 103, where the policy insured against loss from liability imposed by law, and liability was incurred, it was held that when the court entered judgment against the insured, the loss on account of such liability was sustained.

The reason for the rule, supported by these authorities, that the provision in the policy for the exclusive control of the defense is an important factor in determining whether the contract is one of insurance against liability or of indemnity only, is well stated by *Bausman, J.*, in *Davis v. Casualty Co.*, 89 Wash., 571: "By taking over the defense the insurer assumes a feature of a liability contract as distinguished from an indemnity contract.   When he takes over the defense himself, he will not be heard to say that he has not assumed the position of liability insurer."   By conducting the defense to the exclusion of the insured, the insurer waives the right to require prepayment by the insured, and on final judgment against the insured, loss has matured.

In *Brucker v. Casualty Co.*, 326 Mo., 856, it was said: "It (the insurer) undertook to defend any suit.   It could not in accordance with that agreement cease that defense when the case was lost.   The protection did not stop with the conduct of the suit.   It can only stop when judgment against the assured is satisfied.   The assured is not protected if he has to pay before he can recover against the insurer.   A judgment impairs his credit.   It might be sufficient to render him insolvent and drive him out of business.   His loss is the liability incurred when he has judgment rendered against him."

The following additional authorities, in support of the ruling in the cases above cited, may be noted. *Fenton v. Ins. Co.,* 36 Ore., 283; *Graff v. Auto Ins. Co.,* 225 Mo. App., 85; *Blanton v. Cotton Mills,* 103 Kan., 118; *Wehrhahn v. Casualty Co.,* 221 Mo. App., 230; *Landaker v. Anderson,* 145 Wash., 660; *Indemnity Co. v. Daues,* 321 Mo., 1035. See, also, annotations and notes of cases in 37 A. L. R., 644.

In *Goerss v. Indemnity Co.,* 223 Mo. App., 316, it was said: "It is elementary and well understood that the financial worth of a person is the value of his property less what he owes, or, in other words, the value of his resources less his liabilities. A loss to a person, as understood in business, is either a decrease in the value of his resources or an increase in his liabilities. There ought to be no question that the word 'loss' is used in this sense in the insuring clause of the policy under review."

" 'Loss from liability' literally means loss which arises immediately upon one becoming liable to another, not loss which arises immediately upon such liability being paid or extinguished. 'Liability' is defined in Webster's New International Dictionary as 'that which one is under obligation to pay, or for which one is liable.' " *Maryland Casualty Co. v. Peppard,* 53 Okla., 515.

"Loss does not have an inflexible meaning, and may consist of many different situations of varying gradations. Voluntary or involuntary separation from one's money is not the only criterion of loss. Any shrinkage in value of estate or property may on proper occasions be rightfully so termed." *Malley v. Am. Indemnity Corp.,* 297 Pa., 216.

A contrary conclusion, in construing policies of liability insurance, seems to have been reached in *Casualty Co. v. Williams,* 209 Ky., 626; *Indemnity Co. v. Gosgriff,* 144 Md., 660; *Fidelity Co. v. Williams,* 148 Md., 289; *Indemnity Co. v. Martin,* 224 Ala., 646; *Raptis v. Fidelity Co.,* 109 W. Va., 602. See annotations in 83 A. L. R., 677.

The appellee relies upon *Lowe v. Fidelity & Casualty Co.,* 170 N. C., 445, 87 S. E., 250. In that case, *Brown, J.,* speaking for the Court, used this language: "We are of opinion that the plaintiff is not entitled to recover the $5,000. The contract does not indemnify the assured against liability, but only against actual loss. It is admitted that the judgment has not been paid. That being so, the plaintiff has suffered no loss and cannot recover." However, upon examination of the original record in that case, we find in the insurance policy upon which that action was based this provision: "No action shall be brought against the company under or by reason of this policy, unless it shall be brought by the assured . . . for loss that the assured has actually sustained by the assured's payment in money of a final judgment rendered after a trial in a suit against the assured for damages on account of negligence of the assured." (*Combs v. Hunt,* 140 Va., 627; *Luger v. Wendell,* 116 Wash., 375.) There is no such provision in the policy issued by the Insurance Company in the case at bar, and hence the opinion in *Lowe*

v. *Fidelity & Casualty Co., supra,* is not controlling or authoritative in the decision of the question presented in this case.

In *R. R. v. Accident Corp.,* 172 N. C., 636, 90 S. E., 763, one Ruffin, a railroad contractor, took out indemnity insurance against liability for negligent injury to his employees. Judgment was recovered by an employee and paid by the railroad. In suit by Ruffin and the railroad against the Indemnity Company the defendant's demurrer was overruled, and the Court said: "The railroad company suffered the loss. Ruffin is responsible to the railroad company for the amount of said loss, and under his indemnity (policy) is entitled to be protected in turn by the Indemnity Company, the defendant."

The statement of the general principles governing the construction of liability insurance contracts set forth in *Clark v. Bonsal, supra,* was quoted in *Hensley v. Furniture Co.,* 164 N. C., 148, 80 S. E., 154, and *Newton v. Seeley,* 177 N. C., 528, 99 S. E., 347.

Applying the principles of law, deducible from the authorities cited, to the facts in the case at bar, we reach the conclusion that when loss from a liability within the coverage of the policy, and against which the Insurance Company has contracted to insure and for which it has received compensation, has been judicially established, the Insurance Company can only be discharged by payment, the ultimate disposition of the fund by the receiver of the insured to be determined by the court. It follows, therefore, that when the claimant filed its claim, based upon the Insurance Company's admitted policy, together with proof of a valid judgment for a liability covered by the policy and within the limit contracted, it was error to disallow the claim.

The judgment of the Superior Court in this respect must be

Reversed.

SEAWELL, J., took no part in the consideration or decision of this case.