No. 16,601.

PIONEER MUTUAL COMPENSATION COMPANY *v.*
COSBY ET AL.
(244 P. [2d] 1089)

Decided May 12, 1952.   Rehearing denied June 2, 1952.

Mr. GEORGE F. HARSH, for plaintiff in error.

Messrs. LOVE & COLE, Messrs, WOLVINGTON & WORM-WOOD, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE will herein refer to plaintiff in error as Pioneer, or Insurance Company. The other parties to the action will be designated by name.

On July 16, 1948, near the Town of Fountain, Colorado,

a tractor and trailer unit operated by Charles F. Cosby collided with an automobile owned by Louis T. Miller. The tractor was owned by Audren A. Cosby. Attached to the tractor was a trailer owned by Rio Grande Motor Way, Inc. Miller brought suit against the Cosbys and Rio Grande Motor Way, Inc., alleging ownership of the tractor in Audren A. Cosby; that Charles F. Cosby, then a servant of the Rio Grande Motor Way, Inc. negligently drove said tractor and trailer into Miller's vehicle. Rio Grande Motor Way, Inc. filed a cross-claim against the Cosbys seeking recovery from them of any judgment which Miller might obtain against it. The issues made up by these pleadings are not here presented for review.

The Cosbys filed a third-party complaint against Pioneer, alleging that at the time of the accident there existed a valid contract of insurance between the Cosbys and Pioneer wherein Pioneer agreed to pay, on behalf of Cosbys, all damages arising out of the ownership and use of the tractor. The Cosbys prayed judgment against the Insurance Company for all sums they should become obligated to pay Miller.

A motion to dismiss the third-party complaint having been overruled, the Insurance Company filed its answer in which, after certain admissions and denial of liability under the policy, it alleged that the policy of insurance covered only Audren A. Cosby while he was operating said tractor, *without a trailer;* that the policy provisions excluded coverage "while hauling a trailer not covered by like insurance in the company"; and that, the "policy does not pay * * * while the automobile is used for towing of any trailer *owned or hired by the named insured* and not covered by like insurance in the company."

Trial was to the court. Miller had judgment against the Cosbys and Rio Grande Motor Way, Inc. for $1,200.00. Rio Grande Motor Way, Inc. had like judgment against the Cosbys, and they in turn had judgment against Pioneer on their third-party complaint for $1,200.00. The Insurance

Company prosecutes a writ of error to review the judgment against it.

The position of Pioneer on this review is set forth in its brief, wherein we find the following:

"This plaintiff in error does not question the right of Miller to judgment against the owner of the tractor, Audren A. Cosby, nor the judgment of Rio Grande Motor Way, Inc., against the Cosbys, the Cosbys having admitted in open court that if the Rio Grande Motor Way, Inc. is liable to the plaintiff Miller, they are liable to the Rio Grande Motor Way, Inc. in like amount. This plaintiff in error is only concerned with the judgment in favor of the Cosbys on the Third-Party Complaint against the Third-Party defendant, the Pioneer Mutual Compensation Company. And this plaintiff in error seeks to have said judgment reversed, dismissed and held for naught."

The points specified by the Insurance Company may be classified as follows: 1. The right of the Cosbys to make the insurance company a third-party defendant. 2. The proper interpretation of the insurance contract and the liability of Pioneer thereunder.

The policy under consideration contains the following provision: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." Pioneer contends that this provision, which its counsel calls a "no action" clause, bars the third-party plaintiff from impleading it as a third-party defendant.

█ █ Rule 14(a) of our Rules of Civil Procedure provides that a defendant may bring in a third party who is or may be liable to him "for all or part of the plaintiff's claim against him." If the Insurance Company has by its policy agreed to insure against liability on the part of the

Cosbys, or either of them, then this third-party procedure is justified and the third-party plaintiffs are only seeking to compel the Insurance Company to do that which it contracted to do but now refuses to do. The rule does not eliminate a multiplicity of suits and creates judicial procedure for the determination of the insured's liability to the injured party, and then affords a procedural method of enforcing the provisions of the insurance contract, if liability is present in the first instance. If the policy were one of indemnity rather than of liability, then this procedure would not be applicable, the insurer not being liable until an actual loss is sustained. Thus, if the insured failed to satisfy the judgment against him in favor of the injured party, the insurer might never be liable.

The general purpose of Rule 14(a), supra, is to settle as many conflicting interests as possible in one proceeding and thus avoid circuity of action, save time and expense, as well as eliminate a serious handicap to the defendant of a time difference between the judgment against him and a judgment in his favor against the third-party defendant. 3 Moore's Federal Practice, Sec. 14.02. "The second objection to the third-party complaint is made because of the alleged claim of liability of the third-party defendants arising on a contract which is separate and distinct from the cause of action forming the basis of plaintiffs' suit. We see no merit in this contention, because the rule permits a defendant to bring in a third-party, 'who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him.'" *Kravas v. Great Atlantic & Pacific Tea Co.*, 28 Fed. Supp. 66, 67 (1939).

As was said in *Jordan v. Stephens*, 7 F.R.D. 140: "The 'no-action' clause is directly opposed to Rule 14. It poses a question as to whether the court should permit litigants to circumvent rules of court by contractual arrangements. Rule 14 was promulgated not only for the purpose of serving litigants but as wise exposition of public policy. The

object of the rule was to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense and the labor of many suits and many trials. The no-action provisions of the policy is neither helpful to the third-party defendant, to the courts, nor generally is it in the interest of the public welfare. Its object is to put weights on the already too slow feet of justice." The same rule is announced in *Axton-Fisher Tobacco Co. v. Ziffrin Truck Lines,* 36 Fed. Supp. 777, which decision was approved in 126 F. (2d) 476. The procedure herein approved is possible only because of Rule 14 (a) R.C.P. Colo.

The policy issued by Pioneer to Audren A. Cosby obligated it to pay "on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * sustained by any person or persons caused by accident and arising out of the ownership, maintenance, or use of the automobile."

■ There are two types of no-action clauses. Under the first, no action will lie against the insurer unless it be for a loss or expense actually sustained and paid by assured in accordance with a judgment or agreement. Under such provisions the policy is one of indemnity rather than one of liability. *Carter v. Aetna Life Insurance Co.,* 76 Kan. 275, 91 Pac. 178; *Fidelity & Casualty Co. v. Martin,* 163 Ky. 12, 173 S.W. 307; *Combs v. Hunt,* 140 Va. 627, 125 S.E. 661; *Luger v. Windell,* 116 Wash. 375, 199 Pac. 760, 37 A.L.R. 641. In the other type of cases we find a clause which makes the policy one of liability on the part of the insurer, and it is not a true "no action" clause. *State ex rel. Boney v. Central Mutual Insurance Co.* 213 N.C. 470, 196 S.E. 837, 117 A.L.R. 231.

The policy issued by plaintiff in error, and now under consideration, is of the latter type.

■ It is urged that under our decision in *Crowley v. Hardman Brothers,* 122 Colo. 489, 223 P. (2d) 1045 we

held that the Insurance Company cannot be made a party to such a suit. The Crowley case involved merely a question of whether or not the plaintiffs could join the defendants' liability insurance carrier as a defendant under Rules 18 and 20, R.C.P. Colo. Nowhere in that case is there any discussion of third-party practice under Rule 14(a), supra. In the Crowley case we determined that the plaintiffs, not being parties to the insurance contract, could not join the defendants' insurance carrier as a party to the suit.

The opinion in the Crowley case is not controlling in the instant action. The insured had a right to file a third-party complaint against the insurer to have all rights and liabilities determined in one action, it appearing that the Insurance Company was not defending the main action on behalf of its insured. The only question involved under this feature of the instant case is a procedural one.

In volume 3, Moore's Federal Practice, page 409, section 14.03, Professor Moore states: "It is important at the outset to note that third-party practice, and particularly the practice provided for in Rule 14, is procedural. Rule 14 does not 'abridge, enlarge nor modify the substantive rights of any litigant.' It creates no substantive rights. Thus unless there is some substantive basis for the third-party plaintiff's claim, he cannot utilize the procedure of Rule 14. This rule does not establish a right of reimbursement, indemnity nor contribution; but where there is a basis for such right, Rule 14 expedites the presentation, and in some cases accelerates the accrual, of such right."

By the very terms of the policy under consideration, the exclusion clause relating to trailers does not apply to the *named insured,* who in this instance was Audren A. Cosby.

Under insuring Agreements, III, Definition of "Insured" the insurance contract contains the statement: "The insurance with respect to any person or organization *other than* the named insured does not apply: (b) with respect

to the automobile while used with any trailer not covered by like insurance in the company * * *."

Another clause in the policy upon which the Insurance Company relies as excluding liability, provides: "This policy does not pay. * * * (c) * * * while the automobile is used for the towing of any trailer *owned or hired by the named insured* and not covered by like insurance in the company, * * *."

The language of the policy is plain, clear and concise. Counsel for Insurance Company has stated that certain persons, other than the named insured, are covered by the policy, *except* when the automobile is used for certain purposes; that Charles F. Cosby, or any other person than the named insured, is not covered by the policy while the tractor was hauling a trailer for the Rio Grande Motor Way, Inc. is evident. Audren A. Cosby, being the named insured, is not, by the provisions of the policy, prohibited from hauling a trailer.

The Insurance Company cites in support of its contention that the policy prohibited "towing or propelling a trailer not covered by like insurance." These cases are not in point, because this policy was not so worded. The policy issued by the plaintiff in error prohibited "towing of any trailer owned or hired by the named insured." Had the insurance company intended to exclude liability by the mere towing of any vehicle, it could easily have said it by omitting .the words "owned or hired." Hiring implies a rental for compensation, and there is no evidence of hiring in this case. It is conceded that Audren did not own the trailer. Therefore, we conclude that Audren A. Cosby is not excluded from coverage by either of these provisions of the policy.

▪ It is urged by the Insurance Company that prior to the signing of the insurance contract certain conversations took place between Charles F. Cosby and the agent of the company, indicating that Charles F. Cosby was only desirous of obtaining coverage on the tractor while it was being used going to and from various jobs. Admission of

such testimony would violate the parol evidence rule. *Collins v. Shaffer,* 66 Colo. 84, 179 Pac. 152; *R. M. Davis Photo Stock Company v. Photo Jewelry Manufacturing Co.,* 47 Colo. 68, 104 Pac. 389; *Enos v. Anderson,* 40 Colo. 395, 93 Pac. 475. The written contract evidences the agreement between the parties.

Counsel for the Insurance Company contends that the sole responsibility for the accident, resulting in the damage to Louis T. Miller, was that of the Rio Grande Motor Way, Inc., because Charles F. Cosby was transporting a Rio Grande trailer at the time of the accident, using Audren's tractor as the motive power. It also is urged that the owner of the tractor, Audren A. Cosby, has no liability under these circumstances. We cannot agree with these conclusions. The liability of Audren and Charles Cosby is in no way dependent upon the legal relationship between themselves and the Rio Grande Motor Way, Inc. The only effect which this relationship has, is in determining the liability, if any, of the Rio Grande Motor Way, Inc. Neither of the Cosbys nor Rio Grande appealed from the judgments, and hence their relationship is not before us now. If, as the trial court held, the Rio Grande Motor Way, Inc. is liable to Miller under the doctrine of respondeat superior, this does not discharge Audren A. Cosby and Charles F. Cosby, but they, together with the Rio Grande Motor Way, Inc. also are liable. The insurer of the servant cannot be heard to say that since the master is liable, the servant is discharged and hence, also is his insurer. The Insurance Company does not support its argument on this point with authority, and the contrary proposition is so elementary that we would not have discussed it except that it occupied such a large portion of the brief and argument of counsel for Pioneer.

In accordance with the conclusions hereinabove expressed, it is ordered that the judgment of the trial court be affirmed in favor of Audren A. Cosby on his third-party complaint against the plaintiff in error; and reversed as to

the judgment entered in favor of Charles F. Cosby against plaintiff in error.