*By the Court .
The evidence admitted in this case was clearly inadmissible. The witnesses who testified before the justice, should have been called to testify to the facts that they narrated before him. His recollections of what they stated'upon oath, was of inferior authority to their own statements to the jury. The question to be decided was, not the guilt or innocence of the plaintiff, but whether there existed a probable cause for the prosecution commenced against him by the defendant. This the jury were required to decide, not upon the evidence given before the justice, but upon the facts of the case, and the defendant’s knowledge of these facts. Of these facts they could best judge by hearing the witnesses themselves. To substitute the relation of the justice, as to their testimony before him, was a violation of the plainest rules of evidence, that the best evidence within the power of the party should be given, and that secondary evidence shall never be admitted, unless it is made manifest that that which is better can not be obtained. The judgment must be reversed, and the cause remanded to the court of common pleas for further proceedings.