R. C. REITER, Respondent, v. NORTHWESTERN INTERNATIONAL INSURANCE COMPANY, OF MILWAUKEE, Appellant.

In the Kansas City Court of Appeals, June 12, 1922.

1. **CONTRACTS: Pleading: Proof: Plaintiff can Recover Only upon Contract Pleaded.** Plaintiff cannot plead one contract and recover upon another and different one.

2. **INSURANCE: Insured not Bound by Clause, Requiring Maintenance of Locking Device on Automobile, Issued after Certificate, under Open Policy, Covering Loss was Delivered.** Where an "open" or blanket policy insuring all automobiles against loss by fire or theft, upon which insured should make loans, provided that upon all cars of a price less than $800, "the locking device clause attached hereto shall apply," but no locking devise clause was attached to policy when delivered, an insurance certificate on a car costing less than $800 issued under the policy before a clause providing for a certain locking device was attached to policy, *held*, that neither the locking device clause nor the provision permitting the same to be attached to policy affected plaintiff's right to recover.

3. **———: Contracts: Pleading: Held Petition Did not Plead or Admit by Reference to Certain Contracts as Exhibits that Nullifying Clause was in Policy of Insurance when Issued.** A petition, pleading a contract of insurance, made up of an "open" policy upon automobiles and a certificate issued thereunder, upon a certain automobile, did not plead (by referring to the contracts as exhibits attached to and made a part of the petition), a clause, containing a provision for forfeiture of the insurance if a certain locking device was not used, for the contracts showed upon their

Reiter v. N. W. International Ins. Co.

face that the locking clause was not a part of plaintiff's contract and did not become a part of the "open" policy until long after the certificate was issued and the contract executed.

4. ———: ———: ———: **Date on Clause Attached to Insurance Contract Rather Than Order of Pasting Clauses Controls, as Anyone Desiring to do so Could Paste Clauses on Policy and Avoid Appearance of Their Having Been Placed There after Day of Their Date.** Where "open" or blanket policy on automobiles permitted insured to make loans thereon, but provided that on all cars of less price than $800 "the locking device clause attached hereto shall apply," upon the question whether such a clause was attached to "open" policy before or after a certain certificate was issued thereunder, the fact that locking device clause is dated after execution of insurance certificate controls, rather than the fact that the locking device clause was pasted on the policy, and a theft clause on the top of that, as anyone desiring to do so could easily paste it on in this way to avoid the appearance of its having been placed there on the day of its date.

5. **PRINCIPAL AND AGENT: Authority: Secret Limitations on Actual Authority of Agent not Binding upon Insured Without Knowledge Thereof.** Secret limitations on the actual authority of an agent could not affect a person relying upon a contract made within the scope of his apparent authority and without knowledge of any limitations on such authority.

6. **INSURANCE: Damages: Vexatious Refusal to Pay Loss: Evidence Held Sufficient to Support Finding That Insured's Refusal to Pay was Vexatious.** In an action upon an automobile insurance contract where no mistake was pleaded or shown but evidence showed that insurer was well aware of the fact that a clause providing that a certain locking device should be maintained on automobile was not attached to "open" policy until after insurance contract had been made, *held*, there was substantial evidence of vexatious refusal of insurer to pay the loss.

Appeal from the Circuit Court of Jackson County.— *Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*John B. Gage* and *Roland Hughes* for respondent.

*Crow & Newman* for appellant.

TRIMBLE, P. J.—An automobile belonging to plaintiff, Reiter, was stolen, and this suit was brought on a contract of insurance covering loss by theft.

Originally, the suit was brought by Reiter and the Interstate Securities Company as plaintiffs, but the defendant Insurance Company at once paid the Interstate Securities Company its proportion of the loss, and hence that plaintiff dropped out of the case.

The Interstate Securities Company was engaged in making loans on automobiles, especially in extending credit to purchasers of automobiles for a part of the purchase price thereof. On July 17, 1919, said Interstate Securities Company obtained from the defendant what may be termed an "open" or blanket insurance policy, No. 300,004, insuring, against loss by fire or theft, all cars upon which the Interstate Securities Company should make loans. Whenever a loan was thereafter made on a car, defendant's agent issued a Certificate covering such car, and thus the respective interests of both the owner and the Securities Company, mortagee, were insured against loss as above stated.

In this "open" or blanket policy, was a clause reading as follows:

"4. It is understood and agreed that on all cars whose original factory list price is less than $800 the locking device clause attached hereto shall apply."

However, at the time the "open" policy was delivered to the Interstate Securities Company, no locking device clause was attached thereto.

On August 8, 1919, plaintiff Reiter bought a Ford automobile of a Ford Agency for $730.77, a part of this purchase price being loaned by the Securities Company. Immediately thereupon, the defendant issued its Certificate covering this car. The certificate was dated August 8, 1919, and merely stated that it covered the interests of Reiter and the Securities Company as against loss by theft of a Ford car, describing it, giving date of purchase and cost, and stating further that the certificate was issued in accordance with the terms and con-

ditions of open policy, No. 300,004 (which was the open policy held by the Securities Company) and that the said open policy would be shown to assured upon request. The total premium of $47.97 was paid by Reiter and the Securities Company.

At the time of the issuance of this Certificate, August 8, 1919, there was still no locking device clause attached to said open policy held by the Securities Company. But on August 17, 1919, nine days after the issuance of the Certificate covering the plaintiff Reiter's car, a locking device clause was attached to said open policy, making it a condition thereof that—

"The insured will at all times during the life of this policy maintain on the automobile insured under this policy, in working order, a locking device known as Defender or Perry Lock approved by the Underwriters Laboratories of the National Board of Fire Underwriters, and bearing their label, and further that the insured will not leave the automobile without locking the device for which allowance is made, otherwise this policy will be null and void as far as the theft of this automobile is concerned.

Attached to and forming a part of policy No. 300,004 of the Northwestern National Insurance Company of Milwaukee, Wis., issued at the Kansas City Missouri Agency.

Dated this 17th day of August, 1919.

W. O. NORMAN, Agent."

So that, as shown by the face of the policy itself, there was no locking device clause attached to said open policy when the Certificate making the policy cover the car in question was issued to plaintiff, although the open policy did contain clause four which said that "on all cars where the original factory price is less than $800 the locking device clause attached hereto shall apply."

In her petition plaintiff alleged that—

"On the 8th of August, 1919, for and in consideration of a premium of $47.97 paid the defendant by the said R. C. Reiter, plaintiff herein, defendant issued its

policy of insurance to plaintiffs, as their interest might appear, against the hazards of fire, transportation and theft upon the body, machinery and equipment of one model 1919 Ford car, touring body, factory Number 3265632, and that said car was insured against fire and theft for the amount of $650. Plaintiffs file herewith, a verified copy of said policy above mentioned, marked 'Exhibit A,' and make the same a part hereof, the same as if fully set out herein.''

It was further alleged that—

''said policy aforesaid was issued subject to the stipulations and conditions of an open policy Number 300,004, issued by defendant herein to the Interstate Securities Company on the 17th day of July, 1919, a true copy of said policy being attached hereto, marked 'Exhibit B,' and made a part hereof.''

It was then alleged that the car was stolen, that the plaintiffs are entitled to receive the $650 in accordance with the policy aforesaid, that demand had been made and defendant had vexatiously refused to pay same; Wherefore judgment for said amount, with ten per cent penalty and attorney's fees for vexatious refusal to pay, was prayed.

The answer, after a general denial, set up that—

''under and by the terms of the policy issued in this cause, it was and is provided that the plaintiffs and each of them, should have attached to and made a part of the automobile mentioned in the petition and described in the policy, a defender lock, so that said car could be locked and safely kept by the plaintiffs, and this defendant states that in violation of their contract with the defendant, no such lock was furnished, attached to and made a part of said car, and the failure to have said lock, as agreed, very greatly increased the hazard from theft, of said car, and that plaintiffs having failed 'and refused to comply with and conform to the provisions of said policy in the above respect, rendered said policy void and of no effect.''

The reply was a general denial coupled with an allegation that—

"any provision or agreement attached to and made a part of said policy with reference to a defender lock, to be placed on or attached to said automobile, was placed in said policy of insurance by the defendant or its agents and without the knowledge or consent of the plaintiff herein, when defendant and its said agents knew at the time of the execution of said policy that said automobile did not have a Defender Lock thereon; that by reason of the fact that said defendant inserted said provision in said policy without the knowledge of plaintiff, and knowing full well that said automobile did not have a Defender Lock thereon, it is estopped from denying liability on said policy."

During the course of the trial it was stipulated that the amount of the loss recoverable under the policy by the remaining plaintiff, Reiter, should be $429.73, if she was entitled to recover at all.

The evidence at the trial disclosed that the clause or rider requiring that a locking device known as Defender or Perry Lock should be maintained and used on the automobile insured in said certificate 'and policy, was attached to said open policy on the 17th day of August, 1919, or, in other words, that it was attached after the issuance to plaintiff of the Certificate making the general insurance of the open policy cover plaintiff's car. Some slight effort was made to show that the date of August 17, 1919, on the locking device clause was a clerical mistake and that said date should really have been July 17, 1919, instead. But no evidence to that effect was introduced.

There being no controversy over the execution of the contract of insurance, or the loss of the car by theft, or the amount of the loss, the trial court, after overruling a demurrer to the evidence filed by defendant, submitted the case to the jury upon an instruction which told them that if they found from the evidence that on the date the Certificate was executed by defendant, the

blanket policy of which the Certificate was a part did not contain the clause or provision requiring plaintiff to keep and maintain on the insured automobile a locking device known as a Defender or Perry Lock, then the verdict should be for plaintiff.

In a second instruction the court told the jury that if they found the issues for plaintiff they should assess her damages at $429.73, to which in their discretion they could add interest at the rate of six per cent; and then submitted the question whether there was a vexatious refusal to pay, in which event they might allow an additional sum not to exceed ten per cent of $429.73, and also a reasonable sum for attorney fee.

The jury found for plaintiff on June 14, 1921, assessing the amount of her loss with interest at $445.51. The jury found that the refusal to pay was vexatious and assessed a ten per cent penalty of $42.73 and allowed her $150 as attorney's fee.

From a judgment rendered in accordance therewith, the defendant appealed.

It is contended that plaintiff pleaded a contract which contained a clause rendering the insurance void as to any car costing less than $800 if a Defender or Perry locking device was not maintained thereon and then submitted her case to the jury upon the issue of whether such clause was in the contract at the time it was executed. In other words, the contention is that the plaintiff pleaded one contract and was allowed to recover upon another and a different one. If this be true, then of course it was error and, in that event, the judgment cannot stand. [Koons v. St. Louis Car Co., 203 Mo. 227, 254; Lairson v. Kansas City Rys. Co., 232 S. W. 484, 486; Cudahy Packing Co. v. Atchinson, etc., R. Co., 196 Mo. App. 528, 531.]

On the other hand, plaintiff contends that it is the defendant who is trying to defend on a changed, modified or different contract and that too without pleading any mistake in, or consent to a modification of, the contract.

A correct disposition of these two contentions requires that we first determine the effect of the aforesaid clause 4 in the open policy which was in it at the time of its execution. It provided that on all cars costing less than $800 the attached locking device clause should apply. But no locking device clause was attached, nor was one attached until after plaintiff's car had been insured under the open policy by the issuance of the Certificate making the open policy apply to that particular car. As between the original parties to the open policy, the defendant and the Interstate Securities Company, the presence therein of paragraph 4 (relative to the application of a locking device clause to certain cars), in the absence of any locking device clause being attached, did nothing more than to bind the Securities Company to permit the attachment of said clause whenever the defendant chose to do so. When that was done, then all certificates then or thereafter issued under said blanket policy would be subject to the locking device clause. But as to the holder of any certificate issued prior to the attachment of said clause, it could have no binding effect. For, as to such Certificate holder, the presence of paragraph 4 in the open policy *without* the locking device clause referred to therein, was the same as if no such provision was referred to in the policy at all. Paragraph 4 would, in such situation, be regarded as merely a general statement of a provision that the defendant had not insisted upon. So that if there was no clause calling for a Defender or Perry locking device attached to the open policy at the time the Certificate was issued to plaintiff, she was not bound thereby and the fact that paragraph 4 was in the open policy does not change the situation. Hence, the case, as it now stands, is in the same situation as though paragraph 4 was not in the blanket policy.

Having thus disposed of the above preliminary matter, we pass to the construction to be placed on the pleadings.

The petition pleads a contract of insurance made up of a certificate executed on the 8th of August, 1919, and an open policy issued to the Securities Company on the

17th day of July, 1919. In other words, it pleads a contract composed of two contracts as they existed on those dates. It cannot be said that, by referring to the contracts as exhibits attached to and made a part of the petition the contract pleaded is that of one containing the provision for the forfeiture of the insurance if a Defender or Perry locking clause is not used. For, the contract shows on its face that the locking clause was not a part of plaintiff's contract and did not become a part of the *open* policy till long after plaintiff's contract was executed, and the evidence shows the same thing.

Consequently the petition pleaded an insurance contract as it was written and executed. Defendant thereupon answered, setting up that, under the contract as issued, there was a provision requiring a certain locking device to be used and nullifying the insurance if it were not used. No pleading was made that by a mistake the clause calling for a certain locking device was not attached to the insurance contract, or that when it was attached plaintiff's consent thereto was obtained and that therefore there was a modification of the contract. The answer stood on the bare proposition that the nullifying clause was a part of the plaintiff's insurance contract *as made.*

The reply *denied this* and set up that the provision attached to the insurance contract and calling for a Defender or Perry locking device was placed in said policy by defendant without the knowledge or consent of the plaintiff herein and at a time when defendant knew plaintiff's automobile did not have a locking device thereon. Manifestly this, in effect, was a denial that the insurance contract *as made* with plaintiff contained the nullifying clause but was afterward attached to the open policy by the defendant without plaintiff's knowledge or consent, defendant knowing at the time the plaintiff's insurance was effected that no locking device was on the car.

On this state of the pleadings the parties went into the trial, and when the exhibits were introduced in evidence, they at once disclose on their face that the clause

calling for a Defender or Perry locking device and nullifying the insurance if one is not used, is dated *after* the execution of plaintiff's contract. And the evidence shows that it was not attached until the day of the date it bears. In other words, the evidence is in accordance with plaintiff's pleading.

The document purporting to be the open policy (which defendant left with the clerk of this court) cannot be considered by us, but even if it could, it does not show that the plaintiff's insurance contract contained the nullifying locking clause, or that the contract pleaded by plaintiff contained such clause. It tends rather to show the contrary since it shows on its face that the locking device clause is dated after the execution of the insurance contract. The fact that it is pasted on the policy, and the theft clause is pasted on top of that, does not contradict the fact that it was not attached when the plaintiff's contract was made, nor dispute the evidence that it was placed there on the day of its date. Anyone desiring to do so could easily paste it on in this way to avoid the appearance of its having been placed there afterward. Consequently the point that the plaintiff's case was submitted on a theory or issue contrary to the one pleaded cannot be sustained. Nor did the plaintiff's pleadings admit that the contract was as defendant claimed it was.

There was no error in excluding the evidence of defendant's agent as to the authority conferred upon him in his contract of employment which he "supposed he had lost." The evidence was, in the first place, not the best evidence; but even if it was, it was not admissible, since any secret limitations on his actual authority could not affect a person relying upon a contract made within the scope of his apparent authority and without knowledge of any limitations on such authority. [Shock v. Retail, etc., Ins. Co., 154 Mo. App. 394.]

We would not be justified in holding that no case of vexatious refusal to pay was made. As the case stands, the clause requiring a Defender or Perry locking device

on plaintiff's car was not attached to the open policy until after plaintiff's contract of insurance had been made. No mistake was pleaded or shown. The defendant was well aware of the fact that the clause was not attached until after the insurance was effected; and therefore it knew plaintiff was not bound thereby. Hence we cannot say there was no substantial evidence of vexatious refusal. [Non-Royalty Shoe Co. v. Phoenix Ins. Co., 277 Mo. 399, 423; Stix v. Travelers Indemnity Co., 175 Mo. App. 171, 180.]

The judgment is affirmed. All concur.