## SHIBLEY v SCHULTZ BROTHERS & CO et

Ohio Appeals, 9th Dist, Wayne Co

No 913.   Decided Feb 14, 1934

Edwin S. Wertz, Cleveland, Ernest Cornell, Cleveland, and Marion F. Graven, Wooster, for plaintiff in error.

Otto G. Graeff, Cleveland, and Troutman & Taggart, Wooster, for defendants in error.

**OPINION**

By STEVENS, J.

It will be observed that all of the questions here involved arose under the old securities act of Ohio, since in large part repealed or amended.

Six specifications of error are urged by plaintiff, which may be grouped under two heads:

1. Error in directing a verdict and entering judgment for defendants.

2. Error in overruling plaintiff's motion for a new trial.

Two questions are here presented:

1. Does the record disclose any evidence of misrepresentations of fact by defendant which could be the basis of a recovery by plaintiff?

2. Does violation of the securities act ipso facto make void the contract of purchase?

The claimed misrepresentations with which defendant is charged are as follows:

1. That Scher-Hirst, Inc., was of high financial standing.

2. That the Class A stock of said company was listed on the Cleveland Stock Exchange.

3. That Atkinson had bought and was going to buy for himself all of the stock of said company that he could purchase, and keep it for his old age.

4. That Schultz Brothers & Co. and some bankers were buying all they could buy of said stock.

5. That said stock was an old man's stock, which could be put away, and that one could always depend upon getting dividends thereon.

These claims will be considered in the order of their enumeration.

1. The evidence as disclosed by the record shows that plaintiff had exhibited to him, prior to the taking of his order, a balance sheet, prepared by a reputable firm of public accountants, wherein the consolidated financial standing of the several merged companies which made up Scher-Hirst, Inc., was set forth in detail. That balance sheet was offered in evidence by plaintiff, and is before this court as an exhibit attached to the bill of exceptions. An examination thereof discloses that if the facts set forth therein are true—and no attempt has been made to discredit or disprove them—the statement of Atkinson with reference to the financial standing of Scher-Hirst, Inc., was fully justified, at the time the statement was made, and was not untrue.

2. It is apparent from the record that the Class A shares of Scher-Hirst, Inc., were not listed on the Cleveland Stock Exchange at the time plaintiff's order was solicited. It is likewise apparent that before

the issuance and delivery of plaintiff's stock certificate, the shares in question had been admitted to listing upon said exchange; in fact, the day of the issuance of plaintiff's check in payment for said stock, the Class A shares of said company were admitted to listing upon said exchange.

It is argued that the sale was made upon the date plaintiff gave his order for said stock, and counsel for plaintiff argued orally that the "Blue Sky act" so provided.

So far as it has any relation to the question of misrepresentation which we are considering, we have been unable to find such a provision in said act. There seems to be a provision making it a criminal offense to solicit a sale before certain provisions of the Blue Sky Law have been complied with, but that does not change the general law by which we determine when a sale of personal property is made, and does not change the established principles of law governing sales contracts. The case of **Davis Laundry & Cleaning Co. v Whitmore, 92 Oh St 44,** is authority for the proposition that a written memorandum signed by the buyer only, does not become an enforceable contract of sale until accepted by the seller.

In the instant case no enforceable contract could have arisen until the acceptance and confirmation of the buyer's order by the seller, which confirmation and acceptance took place on Jan. 26, 1928. The sale was not completed as long as anything remained to be done in connection therewith.

**Bellefontaine v Vassaux, 55 Oh St 323.**

Therefore, until payment of the purchase price and delivery of the stock, the sale was not completed, and at that time, to wit, Jan. 31, 1928, the shares of Scher-Hirst, Inc., had been admitted to listing on the Cleveland Stock Exchange, and hence at the time of the sale no misrepresentation of fact with reference to their being listed, occurred.

3. We are of the opinion that the record evidence as to Atkinson's ownership of stock of Scher-Hirst, Inc., as shown by the stock transfer records of said company, was violative of the best evidence rule, and that said evidence should have been excluded by the trial court; and, having been admitted over the objection and exception of the defendants, said evidence may not properly be considered by this court.

The most that could be claimed for a failure of the stock records to show any stock registered in the name of Atkinson, if that were the fact, would be that it might create a presumption of lack of ownership. However, such a presumption should

not be indulged, nor such evidence received, in the absence of a showing by plaintiff that the best evidence was not obtainable. Such a showing was not made in the instant case.

"Secondary evidence is never admitted unless it is made manifest that that which is better cannot be obtained."

**17 O. Jur., "Evidence," Sec. 190, p. 250** (citing **Richards v Foulks, 3 Ohio 52).**

"4. A presumption, not being the best evidence, and possibly untrue as matter of fact, is but a substitute for lack of anything better, and should not be indulged when evidence of the matter presumed is at hand."

Cudahy Packing Co. v Chicago & N. W. Ry. Co., 196 S. W. 406.

Hence, this alleged misrepresentation of fact is not shown, by competent evidence, to have been other than the truth.

4. There is no evidence discernable in the record as to the untruth of this representation.

5. This representation is claimed to be untrue because within a few years from the date of the purchase of said stock by plaintiff, the issuing company was liquidated and plaintiff's investment entirely lost.

It is argued by counsel for plaintiff that the relationship between Atkinson and the plaintiff was a confidential relationship "because the licensed dealer and purchaser do not stand in pari delicto", and that by reason of that relationship "expressions of opinion are misrepresentations, if untrue."

We are unable to agree that solely by virtue of Atkinson's having a license to sell securities, a confidential relationship forthwith arose between him and persons whom he solicited to purchase stock.

We find no basis for such a contention in the securities act itself, and the general rules governing confidential relations permit of no such construction.

We cannot conclude, from the evidence which we have before us, that a relationship of trust existed between the agent Atkinson and the plaintiff. That being true, the latter contention, that "expressions of opinion are misrepresentations, if untrue," would necessarily fall, because the premise upon which it is founded is removed. The expressions of the agent as to the merit of the stock in question could then only become misrepresentations if the agent did not believe the representations to be true at the time he made them, or

if they did not constitute his true opinion, when made. We find nothing in the record to support such a conclusion.

The claimed misrepresentations appear to us to be so palpably only puffing, or the expressions of the agent's opinions or predictions, that we are impelled to the conclusion that the court properly, as a matter of law, determined they were not actionable.

It is our unanimous conclusion that the record herein does not disclose any competent evidence of misrepresentations by the defendants, upon which recovery by plaintiff was authorized.

Assuming that Schultz Brothers & Co. as a dealer violated the Blue Sky Law by obtaining the order from Shibley for said stock before the issuing company was incorporated and before the information required by §§6373-9 and 6373-11 GC was filed with the securities division of Ohio, and was therefore subject to criminal prosecution for violation of the Blue Sky Law, the second question hereinbefore referred to is presented, which is whether such violation of the Blue Sky Law ipso facto makes void the contract of purchase.

That question we believe to be conclusively answered in the negative by the Supreme Court of this state in the case of **Warren Peoples Market Co. v Corbett & Sons, 114 Oh St 126.** We quote from the syllabi of that case as follows:

"1. In construing a statute which imposes specific penalties for its violation, the court must examine the entire act to determine whether or not it was the purpose of the Legislature, in addition to imposing express penalties for the violation of the law, to render void any contract based on the prohibited act.

"2. Viewing the Blue Sky Law, §6373-1 et seq., GC, as a whole, it was not the intent of the Legislature to make void sales of stock made in violation of the statute, but to punish persons who did not comply with the provisions of the statute in making such sales of stock."

The decision construed the Blue Sky law as a whole before it was amended and when it was identical with the act as it was when the transaction involved in the instant case took place.

On this question of illegality of contract, it is attempted to draw a distinction between a sale by a dealer and one by the issuer, the former being void and the latter not, but the opinion of the Supreme Court in said case, it seems to us, is inconsistent with such a distinction, and clearly declares that the intent of the legislature in enacting the Blue Sky law was not to render sales made in violation of its provisions void, but only to impose penalties for such violations, and the language of syllabus No. 2 hereinbefore quoted expressly embraces within the ruling the whole of the Blue Sky law.

We conculde that the holding of the trial court that the contract of sale in question was not illegal and void by reason of violations of the Blue Sky law, was correct; and having found no competent proof of misrepresentations entitling plaintiff to recover, the judgment of the trial court was justified, unless there was a breach of the terms of the bond which was "conditioned upon the faithful observance of all of the provisions" of the Blue Sky law and proof of damage resulting from such breach.

If there was any provision of that law which it was the duty of the defendant dealer to observe and which it did not faithfully observe, it was the failure to file information required by §6373-9 GC, and that requirement was complied with five days after the order of plaintiff was taken but before the order was accepted and the sale completed, and there was no evidence of damage resulting from such delay in observing said requirement.

If we regard the taking of the order for the stock by the dealer before the issuer had fully complied with the law as a failure of the dealer to observe a provision of the law within the meaning of said bond, still there was no evidence of damage resulting from the mere taking of said order, and the issuer did complete the organization of the corporation and file with the securities division of Ohio the information required under the act before the sale was fully completed.

We find no evidence in the record upon the question of damage except that, long after the purchase of said stock, the same became worthless, which in no wise was attributable to any failure of the defendant dealer to observe the provisions of the Blue Sky law. On the question of damages, the case would be much different if in Ohio the violation of the Blue Sky law rendered the sale void, as is the case in many states, but such is not the law of Ohio, and we do not find that a case was proved which justifies a recission and a recovery of the price paid for the stock.

It is further urged by counsel for plaintiff that "Violation of law in sale by licensed dealer of securities is legal fraud,

458

or misrepresentation per se, under the Ohio Blue Sky law."

Such a contention would have some pertinency, were it not for the fact, as we have hereinbefore indicated, that in our opinion all of the provisions of the securities act with which defendant was required to comply, were complied with prior to the completion of the sale in question, and hence no violation of the provisions of said act occurred which could be the basis for a claim of fraud or misrepresentation per se.

Having resolved in the negative both of the questions presented, we are unanimously of the opinion that the trial court did not err in directing a verdict for the defendants, or in overruling plaintiff's motion for a new trial.

The judgment of the Court of Common Pleas will accordingly be affirmed.

WASHBURN, PJ, and FUNK, J., concur in judgment.