HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,

v.

Larry SHAW, a minor by H. L. Shaw, next friend, Appellee.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,

v.

J. H. CARSON and C. M. Miller, Appellees.

Nos. 16281, 16282.

United States Court of Appeals Eighth Circuit.

Dec. 23, 1959.

Howell L. Fuller, Sioux Falls, S. D., and Frank H. Strong, Maryville, Mo., for appellant.

Gene Thompson, Maryville, Mo., and O. W. Watkins, Jr., St. Joseph, Mo., for appellees.

Before GARDNER, VOGEL, and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Hartford Accident and Indemnity Company (Hartford) appeals from declaratory judgment entered against it in these two consolidated actions declaring that it is liable under its automobile liability insurance policy issued to its named insured, Miller, covering among other vehicles a tractor owned by Miller, to defend and indemnify Miller, the driver Shaw and the lessee of the tractor, Carson, as to claims of one Volluz and occupants of his car for damages arising from a collision occurring between the insured tractor

while in the possession of Carson and operated by Shaw and the Volluz car on July 3, 1957, near Aberdeen, South Dakota.

One action was commenced against Hartford by the driver Shaw.[1] The other action was commenced by Carson against Hartford and Miller. Miller counterclaimed against Carson and cross-claimed against Hartford seeking a declaration of his rights as against each of them. Hartford by its answer in both cases admitted the issuance of its policy as claimed but generally denied liability thereunder. Hartford in response to interrogatories filed by Miller, which among other things required it to state reasons why its policy was not in full force and effect on July 3, 1957, the date of the Volluz collision, states:

"1. The copy of the policy of liability insurance attached to the original petition filed herein is a true and correct copy of the policy that was issued to C. M. Miller by this defendant.

"2. Such policy was in full force and effect on the 3rd day of July, 1957, subject to its terms, conditions and limitations. It did not afford coverage against claims arising out of the accident referred to in the petition herein occurring on July 3, 1957, because of such terms, conditions and limitations, in that:

(a) The tractor described in the policy involved in such accident was being used for the towing of a trailer not covered by like insurance in the Company.

(b) Such vehicle was not being used exclusively in the business of C. M. Miller, the named insured, and

over a route C. M. Miller was authorized to serve by Federal or public authority.

(c) Such accident occurred while such vehicle was not being used principally within a 75 mile radius of Grant City, Missouri, and neither such vehicle nor the other vehicles described in the policy were used principally within either a 75 mile radius or a 150 mile radius of Grant City, Missouri."

We agree with the statement of the trial court that Miller, Shaw and Carson by their pleadings each seek a declaration of their rights under the insurance policy issued by Hartford to Miller.

These consolidated cases were tried to the court without a jury. The court filed a memorandum opinion (D.C., 178 F. Supp. 571) and entered final judgment declaring that owner Miller, driver Shaw and lessee Carson are each entitled to all the protection afforded by Hartford's policy and that Hartford is obligated to defend suits instituted against each of them as a result of the Volluz accident and that Hartford is also obligated to pay all judgments that have been or may be rendered against any or all of them in suits arising out of the Volluz collision to the extent of the coverage limits set forth in the policy. Timely appeals were taken from said judgment.

Jurisdiction exists in these actions by reason of diversity of citizenship and the requisite jurisdictional amount.[2]

The policy in controversy was issued by Hartford to Miller in August, 1956, covering seven described vehicles. Miller is engaged as a common carrier of livestock from Grant City, Missouri, to St. Joseph, Missouri. The insured units

---

1. Carson was also made a party defendant in this suit. Shaw dismissed without prejudice as to Carson before trial.

2. Shaw is a citizen of Iowa, Hartford is a Connecticut corporation, Carson and Miller are citizens of Missouri. Complete diversity of citizenship exists in case No. 16281. In case No. 16282 plaintiff Carson and defendant Miller are both citizens of Missouri. Diversity of citizen-

ship exists between Carson and Hartford. These actions were originally commenced in the Missouri State Court and were transferred to Federal Court by Hartford. On motion to remand the trial court properly held that Carson's claim against the insurance company was separate and distinct from that asserted against the resident defendant and remand was properly denied pursuant to 28 U.S.C.A. § 1441(c).

were used primarily in connection with such business. An endorsement on Form A-1113, Missouri Public Service Commission Endorsement for Intrastate and/or Interstate Motor Carriers, and two endorsements on Form A-1112, 3rd Revision, one making the insurance applicable to certain described units when principally used within a radius of 75 miles of the city where vehicle is principally garaged, and another containing the same restriction as to the use of other described vehicles but providing a radius of 150 miles, are attached to the policy and are by specific reference in the policy itself made a part of the policy.

The tractor involved in the present litigation, a 1956 Chevrolet tractor, was acquired by Miller subsequent to the issuance of the policy just described, and is insured by a change, elimination or addition endorsement dated October 1, 1956. By this endorsement insurance on item two covered by the original policy, a 1955 Chevrolet tractor, is eliminated and the insurance is afforded as to item two—a 1956 Chevrolet tractor (the unit here involved) and also a described semi-trailer. The unit replaced was covered by the 75 mile radius endorsement. On the change in coverage endorsement under the heading of purpose for which the automobile is to be used, the words " 'Commercial': other use, if any (describe):" are checked and the following is added in typewriting: "as amended by End. Form A-1112 4th Rev."

Hartford concedes that Form A-1112, 4th Revision, was never attached to the policy or shown to or delivered to insured Miller.

Carson is engaged in the business of harvesting and curing blue grass seed in Missouri and other states. On June 25, 1957, the 1956 Chevrolet tractor was leased by Miller to Carson by a written lease which provided that Carson would have exclusive control of the tractor and pay rental thereon upon a mileage basis. No restrictions as to the use of the tractor were imposed and Miller understood that Carson was to use the tractor for seed operations in South Dakota. The lease provides that Carson shall assume all public liability and property damage liability resulting from the operation of the leased vehicle. Carson in his pleadings alleged and Miller admitted that as part of the leasing arrangement Miller agreed to keep the leased vehicle insured against public liability and property damage.

Shaw previously had been employed as a driver by Miller. Whether Shaw was employed by Miller or by Carson at the time of the accident is a question of no importance as it is stipulated that Shaw at the time of the collision was driving the tractor with the knowledge, consent and permission of the owner Miller.

The leased tractor while being used by Carson in his seed operations and while being driven by Shaw was involved in a collision with a car operated by one Volluz, near Aberdeen, South Dakota. Volluz and two passengers were killed and two other passengers were injured as a result of such collision. Actions were brought against Miller, Carson and Shaw to recover damages resulting from the collision. One of said actions was tried resulting in a judgment for $10,000 against Shaw and Carson. The other actions are pending.

The question presented in these cases is Hartford's obligation under its policy to defend Miller, Carson and Shaw in the actions above described and Hartford's obligation to pay judgments obtained against any of them to the extent of the policy limitations. Hartford contends in substance that it is entitled to a reversal of the judgment entered against it because the trial court in reaching its decision erred in the following respects:

1. Determination that omnibus coverage is afforded Carson.

2. Determination that Form A-1112, 3rd Rev., radius endorsement, does not apply to the vehicle involved in the collision.

3. Determination that the radius limitation was not violated.

4. Determination that the Form A-1112, exclusive use endorsement, was not operative.

5. Determination that no violation of the trailer exclusion was established.

6. Overruling motions to reopen for proof of ownership of trailer.

■ This case involves the construction and interpretation of a Missouri insurance contract and therefore Missouri law governs. Sulzbacher v. Travelers Insurance Co., 8 Cir., 137 F.2d 386, at 390; Pennsylvania Mutual Life Ins. Co. v. Forcier, 8 Cir., 103 F.2d 166, at page 167.

■ Findings of fact by the trial court in cases tried to the court shall not be set aside unless it is clearly demonstrated that they are without adequate evidentiary support or were induced by an erroneous view of law. Nelson v. Seaboard Surety Co., 8 Cir., 269 F.2d 882, at page 886. See Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

■ In considering the question of the sufficiency of the evidence we are required to give the prevailing party the benefit of all reasonable inferences which can be drawn from the evidence. Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, at page 138.

With the foregoing general principles applicable to this appeal in mind, we will proceed to consider the errors urged, in the order heretofore stated.

The omnibus clause reads:

"III. Definition of Insured: (a) with respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *" (Cer-

tain exceptions are set out which are not here applicable).

■ The burden of proving coverage under the omnibus clause is upon the person seeking coverage. 7 Appleman, Insurance Law & Practice § 4371; Annotation, 5 A.L.R.2d 660, at page 666. Varble v. Stanley, Mo.App., 306 S.W.2d 662.

■ It is undisputed that the driver Shaw and the lessee Carson were using the tractor with the permission of the named insured. This brought each of them clearly within the definition of insured as stated in the omnibus clause. Both Carson and Shaw have clearly met the burden resting upon them to prove that they are covered by Hartford's policy. Hartford, in arguing this point, has apparently confused the question of coverage under the omnibus clause and its defense under the trailer exclusion. Hartford's rights under the trailer exclusion will be considered hereinafter.

Hartford under this point also urges that the question of Carson's coverage by Hartford's policy is not in issue. The trial court's opinion clearly indicates that he considered Carson's coverage to be in issue. A careful reading of the pleadings and the entire record convinces us that the question of Carson's coverage was properly raised. It seems clear that the primary purpose of Carson's law suit was to secure a determination of his coverage under the Hartford policy.

■ It would appear from Hartford's brief that the position is taken that there is a duty on the part of an insured to plead and prove facts establishing that no policy exclusion is operative. We believe that the burden rests upon the insurer to plead and prove that no liability exists by reason of a policy exclusion. 21 Appleman, Insurance Law & Practice, § 12275; Hughes v. Provident Mut. Life Ins. Co., Mo.App., 258 S.W.2d 290, at page 292; Turner v. National Benev. Soc., 224 Mo.App. 463, 28 S.W.2d 125.

■■ Hartford next urges that since the accident occurred more than 400 miles from the place where the trailer

was principally garaged, a fact not here in dispute, a violation of the radius endorsement is established which avoids coverage. The conclusive answer to this contention is that the endorsement provides that the use was to be commercial, as amended by Form A-1112, 4th Revision.

The trial court properly determined on undisputed evidence that Miller had never been given a copy of Form A-1112, 4th Revision and that no copy thereof was attached to the policy. The trial court states: "Miller could not be bound by any restriction attempted to be incorporated into the policy when he was never given notice of such restriction."

The nearest case that we can find on the point now under consideration is Reiter v. Northwestern International Ins. Co., 211 Mo.App. 290, 243 S.W. 197. In that case plaintiff's car was insured for theft by a blanket policy containing a provision to the effect that the locking device clause attached to the policy would apply, but no locking device clause was at that time attached to the policy. The court holds that a rider referred to in a policy, which rider is not attached to the policy, is ineffective. We find no Missouri cases to the contrary.

Kratchman v. North British & Mercantile Ins. Co., 240 Mo.App. 297, 203 S.W.2d 483 is not in point. There a factual dispute existed on the issue of whether the endorsement relied upon had been delivered to the insured. The court found that there was substantial evidence to support a finding that the insured contracted for the endorsement and that he received a copy of the endorsement. The court further states that there was some physical evidence that the endorsement had once been attached to the policy and removed.

We are satisfied that the Reiter case affords a sufficient basis for the trial court's conclusion upon the basis of Missouri law that an endorsement referred to in the policy but not attached thereto or shown to or given to the insured is wholly inoperative.

Hartford introduced in evidence at the trial a copy of Form A-1112, 4th Revision, which form does not differ materially from A-1112, 3rd Revision. The word "revision" implies that a change has been made. There is no way in which the insured could determine the provisions of the 4th Revision when the insurance was placed on the tractor. Moreover, the radius limitation endorsement contained a blank space for filling in the number of miles involved in the radius limitation. Radius limitation blanks covering other described vehicles contain various mileage limitations. In one instance the limitation is 75 miles and in another 150 miles.

As stated by Hartford, there are cases such as Home Mut. Ins. Co. v. Rose, 8 Cir., 150 F.2d 201, wherein courts have held that limitations applicable to the vehicle originally insured apply to the replacement vehicle. In such cases the result is accomplished by a provision in the change endorsement to the effect that the same insurance applies to the substituted vehicle as applied to the original vehicle. In our present case Hartford by its change endorsement clearly manifested an intent to provide a change in coverage of the substituted vehicle by adding to the word "commercial" the words "as amended by Endorsement Form A-1112, 4th Revision."

We are in full accord with the trial court's conclusion upon this issue, reading (178 F.Supp. at page 576):

"Furthermore, the restrictions attempted to be placed upon the tractor in question were purported to be imposed by the 4th Revision, not the 3rd Revision. It is not doubted that Hartford could have placed a similar restriction upon the new tractor by merely furnishing Miller with a copy of the 4th Revision, and thus making it a part of the contract. But this it did not do, and Miller cannot be bound by something that Hartford intended, but failed to do.

"If the insurer had intended the provisions of the 3rd Revision to ap-

ply to a substituted truck, it could have so provided by its Form A-1335, 'Change, Elimination or Addition of Automobile', instead of seeking to limit its coverage by the 4th Revision.

"My conclusion is that, since the 4th Revision of Form A-1112 was never made applicable to the 1956 tractor, none of the restrictions purported to be placed upon the use of the tractor by that revision ever became effective. And, since the 3rd Revision by its own terms did not apply to the tractor, none of the restrictions contained therein limit the use of the tractor. The result is that the tractor is covered by the broad basic terms of the policy without restriction as to its use."

The trial court also held that the temporary use of the tractor beyond a 150 mile radius did not violate the principal use provision of the radius endorsement. While such conclusion has substantial support, we do not here reach such issue in view of our conclusion that the radius limitation does not apply to the 1956 Chevrolet tractor.

Hartford also urges that no coverage exists because of the violation of the exclusive use provision of Form A-1112. The short answer to this contention is that for reasons heretofore stated neither form A-1112, 3rd Revision, nor A-1112, 4th Revision, became an effective part of the policy so far as it relates to coverage of the 1956 Chevrolet tractor.[3]

Hartford next contends that the court erred in determining that there was no violation of the trailer exclusion clause. The policy under the heading of "exclusions" in part provides:

"This policy does not apply:

\* \* \* \* \* \*

"(c) under coverages A and C, [public liability and property damage] while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; \* \* \*"

The words "owned or hired by the named insured" in the trailer exclusion should be particularly noted. In Pioneer Mut. Comp. Co. v. Cosby, 125 Colo. 468, 244 P.2d 1089, at page 1093, the court states:

"The policy issued by the plaintiff in error prohibited 'towing of any trailer owned or hired by the named insured.' Had the insurance company intended to exclude liability by the mere towing of any vehicle, it could easily have said it by omitting the words 'owned or hired.' Hiring implies a rental for compensation, and there is no evidence of hiring in this case."

Hartford in its answers to interrogatories denied coverage because the tractor involved in the accident was being used to tow a trailer not covered by like insurance in the company. This is the only place that Hartford specifically raises the trailer defense. Hartford merely stated that the trailer being used was not covered by like insurance. It is admitted that the trailer was not insured by Hartford. However, by the terms of the exclusion such fact alone does not bar coverage. It is essential in order to establish the exclusion that Hartford plead and prove that the trailer was owned or hired by the insured. There is some dispute as to whether the word "insured" in the trailer exclusion refers only to the named insured or whether it includes any person insured by the omnibus clause. For the purposes of this case we will assume without so deciding that the broader interpretation of the word "insured" is operative in the trailer exclusion. We find neither proof nor basis for inference that either Miller or Shaw owned or hired the trailer. The trial court expressly so held. It is clear

---

**3.** The exclusive use provision also appears in Form A-1113. The trial court held that endorsement by its terms only applied to vehicles being operated subject to some motor carrier law and that since the tractor was not being so operated at the time of the collision the limitation did not apply. Hartford in its brief does not claim any error in such determination.

**140**

that coverage as to Miller and Shaw is not barred by the trailer exclusion.

 No express finding is made as to Carson's ownership or hiring of the trailer. It is fairly to be inferred from the court's opinion and judgment that the trailer exclusion defense as to Carson was rejected. We find neither direct evidence nor substantial evidence to support an inference to the effect that Carson owned the trailer. We have heretofore expressed the opinion that Hartford by its pleadings did not raise the issue of ownership of the trailer. We are also of the opinion that Hartford's contention that the ownership issue was tried by consent is wholly without merit. Hartford on this appeal for the first time raises the contention that a rebuttable presumption of ownership of the trailer in Carson arises from Carson's possession of the trailer. We have frequently held that an appellant cannot for the first time in an appeal raise an issue that was not presented to the trial court and upon which the trial court had no opportunity to pass. See Gilby v. Travelers Ins. Co., 8 Cir., 248 F.2d 794, at page 797; Green v. Dingman, 8 Cir., 234 F.2d 547, at page 550.

 Under the circumstances disclosed by this record Hartford is not at this late date entitled to invoke the presumption of ownership. It would be unfair to charge any insured with a presumption upon an issue that has not been properly raised in the trial court. We are convinced that there is no substantial evidence in the record to support a finding that any insured owned or hired the trailer. Hartford has failed to meet the burden placed upon it to plead and prove that the trailer exclusion avoids coverage to any insured.

 Finally, Hartford contends the court abused its discretion in overruling its motions and amended motion made after entry of judgment to. reopen the case for proof of ownership of the trailer in the insured. The amended motion only asks. reopening as to Carson's ownership of the trailer. The motions are supported by an affidavit that Missouri Motor Vehicle Records show the trailer towed was licensed in the name of Northern Seed Company and that application therefor was signed by J. H. Carson, Jr., son of plaintiff Carson. Such evidence so far as it may be material could have readily been discovered before trial. The trial court did not abuse its discretion in overruling the motion to reopen the case.

Carson urges in effect that this appeal is without merit and vexatious and that the cost of printing appellee's brief should be taxed in favor of appellee by way of damages. Such contention is without merit. The appeal raises substantial questions which Hartford has presented in good faith.

We have considered all other contentions raised by the parties and find them to be without merit.

The judgment appealed from is affirmed.