AMERICAN FAMILY MUTUAL INSUR-
ANCE GROUP, Plaintiff-Appellant,

v.

Virginia CLAGGETT et al., Defendants-
Respondents.

No. 34035.

St. Louis Court of Appeals,
Missouri.

July 27, 1971.

Motion for Rehearing or for Transfer to
Supreme Court Denied Oct. 6, 1971.

Application to Transfer Denied
Dec. 13, 1971.

Niedner, Niedner & Moerschel, by Rob-
ert V. Niedner, St. Charles, for plaintiff-
appellant.

Jack Gallego, Troy, William L. Clinton,
St. Louis, for defendants-respondents.

CLEMENS, Commissioner.

The question presented: When an auto-
mobile liability policy on its face purports
to exclude a named driver by referring to
a numbered endorsement but no such en-
dorsement is attached, is the named driver
excluded from coverage? We say no, and
affirm the trial court's declaratory judg-
ment.

Plaintiff issued an automobile liability
policy to defendant Virginia Claggett. By
its omnibus clause the policy covered other
persons driving with her permission. Of
prime interest here is a clause in the policy
purporting to exclude Mrs. Claggett's son
Carl as a driver. He was driving the in-
sured car, with her permission, when he
ran into a bridge abutment. His two pas-
sengers, defendants Larry and Lillian
Krumweide, were injured and have sued
him for damages. Plaintiff refused to de-
fend Carl Claggett, contending its policy
expressly excluded him from coverage.

By this declaratory judgment action
plaintiff-insurer seeks a judicial declara-
tion freeing it from liability. In response
the Claggetts seek declarations that Carl
Claggett was covered under the omnibus
clause of plaintiff's policy, that plaintiff is
obliged to defend the Krumweides' suit and
to pay any judgment rendered within the
policy's $10,000/$20,000 limits. The trial
court found for defendants and plaintiff
appeals.

On its "facing sheet" plaintiff's policy
bears the typed name and address of the
insured, Virginia Claggett, and a descrip-
tion of her automobile. Below this is
typed "Excluded driver on End. 43: Carl
L. Claggett." Other endorsements are at-
tached to the policy, but none bears a num-
ber 43, nor refers to an excluded driver.

The plaintiff argues that the policy "spe-
cifically" excludes Carl Claggett as a driv-
er. We hold to the contrary: That the

words "Excluded driver on End. 43" made the purported exclusion meaningless in the absence of any such endorsement. Such an endorsement might have fully excluded Carl Claggett under all conditions, or only under certain described circumstances. Without the endorsement no one can say.

In the oft-cited case of State ex rel. Mills Lumber Co. v. Trimble, *327 Mo. 899*, 39 S.W.2d 355[5], the court declared that when an insurer intends to limit liability by an endorsement it must do so in clear, unambiguous terms. And as said in Aetna Casualty & Surety Company v. Haas, Mo., 422 S.W.2d 316[4–7], "An insurer may, of course, cut off liability under its policy with a clear language, but it cannot do so with that dulled by ambiguity." This principle applies to endorsements referred to in the body of the insurance policies but not made a part thereof.

The case of Reiter v. Northwestern International Ins. Co., 211 Mo.App. 290, 243 S.W. 197[2], concerned an automobile theft policy. The policy itself declared in paragraph 4: "On all cars * * * 'the locking device clause attached hereto shall apply'." But no such clause was attached. The court held the clause referred to in the policy was ineffective, saying, " * * * the presence of paragraph 4 in the open policy *without* the locking device clause referred to therein was the same as if no such provision was referred to in the policy at all." The United States Court of Appeals, Eighth Circuit, followed the Reiter case in Hartford Accident & Indemnity Company v. Shaw, 8 Cir., *273* F.2d 133[7, 8]. There the policy limited the insured's use of its truck "as amended by Form A–1112, 4th Rev." but no such endorsement was attached. The court found for the insured, saying: "We are satisfied that the Reiter case affords a sufficient basis for the trial court's conclusion upon the basis of Missouri law that an endorsement referred to in the policy but not attached thereto or shown to or given to the insured is wholly inoperative."

Thus on principle and precedent we read plaintiff's policy without reference to any excluded driver. As so read the policy's omnibus clause covered Carl Claggett.

Plaintiff further contends that when the policy was issued Mrs. Claggett orally agreed Carl Claggett was an excluded driver. Mrs. Claggett knew only that the face of the policy carried the notation "Excluded driver on End. 43: Carl L. Claggett." She knew nothing of any endorsement issued or to be issued giving life to that notation. Absent the endorsement the insurer cannot now graft it onto the policy.

The trial court properly ruled against plaintiff and in favor of defendants. Judgment affirmed.

PER CURIAM.

The above opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.